RACHEL BEARD, Respondent, v. WILLIAM J. KNOX, Executor of William M. Beard, Appellant.

The Act of April 17th, 1850, giving to the husband the entire control of the common property, does not invest him with power to dispose of the same by devise, whereby the rights of the wife may be defeated.

Our statute has done away with the common law right of dower, and substituted in place a half interest in the common property.

The husband and wife, during coverture, are jointly seized of the property, with one-half interest remaining over to the wife, subject only to the husband's disposal during their joint lives.

The interest in the wife, is a present, definite, and certain interest, which becomes absolute at the death of the husband.

The statute gives no greater rights or privileges to wives residing in the State, than those who do not reside here.

The taking of a legacy by the wife under the will of the husband, will not prevent her from contesting the validity of the will, so far as it disposes of the half interest in the common property to others.

She is entitled to her own share of the common property, and entitled to the legacy out of the share of the husband.

APPEAL from the District Court of the Tenth Judicial District, Nevada County.

The complaint sets forth, in substance, the following facts: That the plaintiff, Rachel Beard, intermarried with the defendant's testator, Wm. M. Beard, in the State of Illinois, in the year 1840,—that there was no marital contract by which any separate provision was secured to the plaintiff,—that they lived together as husband and wife until some time in 1849, when William M. Beard emigrated to this State, where he resided until the time of his death, and that the plaintiff has never personally resided in this State;—that William M. Beard died in the town of Nevada in December, 1853, leaving property to the value of $12,000, consisting of real estate, ditch property and mining interests in the county of Nevada, which property the deceased had acquired since April 17, 1850,—that Beard left a will, by which he devised to his wife, the plaintiff, the sum of $500 in money, and the

residue of his estate (except some trifling legacies) to Harriet A. Beard, the infant daughter of himself and Rachel Beard, the plaintiff. The plaintiff admits the receipt of this legacy of five hundred dollars.

The complainant, under the facts as above stated, claimed judgment for one-half of the common property then in the hands of the defendant, as executor of the last will and testament of William M. Beard, independent of the legacy of $500.

The defendant demurred to the complaint, and the Court overruled the demurrer, and from the final judgment entered thereupon, defendant appealed.

*Searles, Dunn,* and *Smith,* for Appellant.

1. The proper parties have not been joined in the suit; this is manifest from the pleadings. 2 Story's Eq. Jur., § 77. Marshall *v.* Beverly, 5 Wheat, 313. West *v.* Randall, 2 Mason, 190. The decree should be reversed upon the appeal, and if not reversed will bind none but the parties to the suit and those claiming under them. Cook's Eq. Pl. Mitfd. Pl., 180. Darwent *v* Walton, 2 Atk., 510. Cockburn *v.* Thompson, 16 Vesey, 325. Hitchcock *v.* Scribner, 3 Johns. Cases, 311, 17, 16. If the objection be not taken by the parties, the Court may state the objection and refuse to proceed. Story's Eq. Jur., § 72.

2. Our statute, in abolishing dower, did, by its further provisions, extend to the widow a much more liberal and munificent livelihood. The well established rule of interpretation, that a statute in derogation of the common law must be strictly construed, is then to be applied to this statute, and to all others changing and amending the common law. Then the husband, under sec. 9, is to have " the absolute power of disposition" of the common property; and here, having by a will, an instrument of the utmost solemnity, disposed of his property, the plaintiff attempts to have this absolute alienation set aside, in the very face of the provisions of the statute.

3. The plaintiff is precluded from being entitled to the rights of a wife under our statute, because she is a non-resident. The place of residence of the family of a married man is his domicil. 3 Vesey, 198. Pothier Court d'Orleans, Art. 20, Ch. 1.

4. The wife having accepted the provision given her in her hus-

band's will, and receipted for the same, does it not amount to an elec-lection in favor of the will ? The doctrine of election applies to wills as well as to deeds. 6 Johns. Ch., 23. 2 Gill., 182. 2 Dessaus., 356. 3 Bro., 286. To interests immediate, contingent, and remote, (7 Ves., 480,) and is founded upon the principle that a person claiming under an instrument, must so far as such person is concerned, acquiesce in all of its provisions. 1 Swanst., 395, 433. In general, the widow must elect at the time of the husband's death, (Dyer, 385,) and will not be compelled to elect before the relative value of the two properties is ascertained, (1 Bro. C. C., 186; 12 Vesey, 136; 2 McCord's Ch., 280,) though she may lose it by delay. 5 Call, 481. This election will be maintained in equity, both in case where the terms of the will expressly exclude the wife from her legal estate, giving her a bounty in lieu thereof, as where the claim of both provisions would be repugnant to and materially disturb the provisions of the will. Amb , 466. 1 Bro. Ch., 292. 3 Ib , 255. 2 Atk., 629. 2 Vern., 581. 8 Paige, 325. 10 Johns., 30. 10 Wend., 553. 7 Cranch, 370.

Now the rule is, that before electing, the widow is entitled to file a bill to ascertain the difference in value between the properties of which she is to select. Yet if she elect where the difference in value is obvious, then she is concluded by the election, even though no bill was filed 1 Bro. C C., 186. Newman *v.* Newman, 12 Ves., 136. Kidney *v.* Cousmaker, Sumner's note. 2 McCord Ch., 280. 2 Hen. and Hunf., 381, 2 Vesey, Jr., 367. 3 P. Williams, 121, note. The plaintiff in this case long since accepted and receipted for the legacy.

"One who takes an interest under a will cannot dispute the will." This suit is an attempt to dispute the enforcement of the will, and to set at naught not only its express provisions, but the intention of the testator in the absolute disposition of his property.

*Tweed* and *Niles* for Respondent.

1. The phrase, "absolute power of disposition," does not necessarily include the power to devise by will. It is noticeable that even at common law, though the husband might, during the life time of the wife, reduce to possession and dispose of her estate, yet his power so to ceased at her death. Under the Civil Code of France, from which, or

from the similar law of Louisiana, our statute is evidently modeled, the husband can " sell, alien, and mortgage the common property without the consent of the wife, but cannot devise by will any more than his own share." Story's Conflict of Laws, 122.

2. The second point of defendant's demurrer depends upon the construction of section 15 of the same Act.

The word " reside," in sec. 15, means legal residence, which is synonymous with domicil. 2 Bright's Husband and Wife, 317. Crawford v. Wilson, 4 Barb. S. C. R., 504. All the decisions which draw a distinction between actual residence and legal residence or domicil, do so for the purpose of sustaining the intent of Legislatures in particular cases, and to prevent failure of justice.

The domicil or legal residence of the wife follows that of the husband. Story's Conflict of Laws, 45. And as the defendant's testator had his place of business and domicil in this State at the time of his death, the plaintiff's domicil and legal residence was also in this State, and she is entitled to her full share of the common property, under the provisions of this Act.

But the whole question is put at rest, in this State at least, by the decision of our Supreme Court. See Kashaw v. Kashaw, 3 Cal., 312.

3. The third point of the demurrer claims that the plaintiff, by receiving the legacy of $500, elected to take the legacy in lieu of her share of the common property.

In the States where dower exists, it is well settled, that the wife cannot be put to her election between dower and a testamentary disposition in her favor, unless the will has expressly declared the legacy to be in lieu of dower, or the terms and provisions of the will are totally inconsistent with dower. Church v. Bull, 2 Denio, 430. 5 Hill, 206. Fuller v. Yates, 8 Paige's Ch. R., 325. McCartee v. Teller, 2 Paige, 511. 4 Kent, 58.

It is not enough that the will renders it doubtful whether the husband intends the wife to have her dower in addition to the legacy; the intent must be declared in terms, or the provisions of the will be totally inconsistent with such a construction, or the wife takes both dower and legacy. The same natural equity exists here, and requires the application of the same rule.

The rule that " one who takes an interest under a will cannot dispute the will," cannot apply in this case, for the validity of the will is not called in question, but only the proper construction; the plaintiff claiming that the will only disposed of the testator's interest in the property.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., and BRYAN, J., concurred.

The statute of this State, defining the right of husband and wife passed April 17, 1850, provides, that " all property, acquired by either husband or wife, except such as may be acquired by gift, bequest, devise or descent, shall be common property." It is further provided, that the husband shall have the entire control of the common property, with absolute power to dispose of it, and upon the dissolution of the community by death, of either the husband or wife, one half of the common property shall go to the survivor, &c.

The first question raised is, as to the power of the husband to convey the common property by devise or will, and thus defeat the rights of the surviving wife. This, we have no hesitation in saying, cannot be done. Our statute has done away with the common law right of dower, and substituted in place, a half interest in the common property. This liberal provision was intended for the benefit of the wife, and the intention of so humane and benificent a law should not be defeated by adopting a rule of construction which would leave the future maintenance of herself and family entirely at the caprice of the husband.

The words, " with absolute power to dispose of," ought not to be extended to a disposition by devise. The husband and wife, during coverture, are jointly seized of the property, with a half interest remaining over to the wife, subject only to the husband's disposal during their joint lives. This is a present, definite, and certain interest, which becomes absolute at his death, so that a disposition by devise, which can only attach after the death of the testator, cannot affect it, for such a conveyance can only operate after death, upon the very happening of which, the law of this State determines the estate, and the widow becomes seized of one-half of the property.

The appellant relies on the words of the statute, " shall reside and acquire property," and seems to think that this provision was intended

to give greater privileges to those wives actually living or residing in the State, than was conferred on those not actually resident. In Kashaw v. Kashaw, 3 Cal., 312, we held the domicil of the husband was the domicil of the wife in contemplation of law, and that it was not necessary that she should be an actual resident in the State. The reasoning of that case will apply with equal force to the present, and it can hardly be supposed that the Legislature intended to deprive the wife of all right to the husband's estate, as a penalty for not residing in the State, which would be the necessary result, if the appellant's construction was correct.

But it is urged, that by accepting the legacy, the plaintiff is estopped from setting up a claim to one half of the estate.

It is a familiar principle, that an heir cannot take as a legatee, and afterwards dispute the validity of the will; but this principle does not apply in the present case. The deceased had no authority to dispose of but one half of the property—this he might do to whomsoever he pleased. The plaintiff does not contest that right, but only seeks to withdraw her own property from the operation of a conveyance, which it is claimed has despoiled her of it. This she may do with the greatest propriety, as the legacy received by her was part of her husband's estate, and not her own.

The objection, that there is a non-joinder of parties, comes too late; it should have been taken advantage of by demurrer.

The judgment of the District Court is affirmed, except as to the five hundred dollars, which it is directed to allow out of the estate of the deceased, and not out of the wife's moiety.