[No. 2,981.]

# IN THE MATTER OF THE ESTATE OF ELIJAH S. SILVEY, Deceased.

HALF THE COMMON PROPERTY LEFT BY DECEASED HUSBAND GOES TO WIDOW ABSOLUTELY.—Where a husband dies, one half of the common property vests in the surviving wife, unaffected by any testamentary disposition he may have attempted to make of it.

WILL OF COMMON PROPERTY—WIDOW'S RIGHTS.—Where a husband, having only common property, left a will devising all his estate to his wife for life, and after her death to be equally divided between the children; *held*, that she was entitled to one half of the property absolutely in her own right, and to a life estate in the other half under the will.

CONSTRUCTION OF WILLS—DEVISES AFFECTING WIFE'S HALF OF COMMON PROPERTY.—A purpose by a husband to attempt the disposition by will of the wife's half of the common property is not to be readily inferred, and especially not where the words employed may have their fair and natural import by applying them only to that moiety of which he has the testamentary disposition.

APPEAL from the Probate Court of Solano County.

The Court below, in its decree of distribution, was of opinion, and adjudged and decreed, "that the said testator intended that said will should operate and take effect upon the whole of the community property, as well so much thereof as is by law subject to testamentary distribution as his wife's interest in the said community, and that it must operate upon the whole or upon none of the said property; that the said wife is not now entitled to take one half of the said property in her own right and the other half for life under the will, but that she must elect whether she will take and hold the whole estate for life, with the remainder to the children mentioned in the said will, or whether she will decline to take under the will and claim her half of the property as her interest in the community, and release all claim to the other half."

It was from the above portion of the decree of distribution that this appeal was taken by Mrs. Susan Riddle

(formerly Silvey). The estate, at the time of the decree, in June, 1871, was valued at about twenty-two thousand dollars.

*John G. Pressley*, for Appellant.

The case at bar was not a case of election, and the Court erred in holding that the widow should elect whether she would take the whole of the property for life under the will or her interest of one half absolutely, and renounce all claim to the other half. (See Jarman on Wills, 397, 398; 2 Story on Eq. Ju. 1086; *Blake* v. *Banbury*, 1 Ves. Jr. 523; 4 Kent, 58; *Beard* v. *Knox*, 5 Cal. 252; *Theall* v. *Theall*, 7 La. 226; *Payne* v. *Payne*, 18 Cal. 291; *Morrison* v. *Bowman*, 29 Cal. 350.)

The acceptance by the widow of the life estate in the husband's half of the community property was not repugnant to the provisions of the will, but strictly in accordance with the intention and purpose of the testator. The terms employed by him can refer to and operate only on his interest in the common property. This the widow takes for life, with remainder to the children; and her title to the other half of the property is absolute under the statute.

*Pendegast & Stoney*, for Respondents.

Silvey's will could not operate to deprive his widow of her half of the community property without her consent. So far, and only so far, do the authorities go. But the question of the effect and operation of a will is distinct from the question of the intention of a testator, who may, in plain and unmistakable language, undertake to devise property not subject to his testamentary disposition.

It was evidently the testator's intention to give his wife a life estate in all the property, instead of an estate of inheritance in half of it. The will must be read in the light of surrounding circumstances. His words must be

taken to mean just what a person in his condition, at the same time and place, and under the same conditions, would naturally use them to express. He spoke the language of a living man. He spoke of all his property, and meant all the property which he had been managing and controlling, and over which he had the absolute power of disposition. (Hit. Dig. 3571.)

It is not reasonable to suppose that Silvey, having eight children, would leave one half of his property to his wife absolutely, and give her the other half during her natural life.

By the Court, WALLACE, J.:

The entire estate was community property. Silvey left a widow (since his death become the wife of Riddle) and eight children. His will (so far as is claimed to be pertinent to the question here) was as follows:

"Item First—I will that out of my estate all my just debts be paid.

"Item Second—I will and bequeath the entire residue of my property to my dearly beloved wife, Susan, to be held, used, and enjoyed by her during her natural life, and after her death to be equally divided between * * * our children."

Upon the death of Silvey, one half of the estate vested in his surviving wife, and the will is conceded to be inoperative as to that moiety. The Court below seems, however, to have been of opinion that the surviving wife could not be permitted to claim her moiety as survivor, under the statute, and, at the same time, claim an estate for life in the other moiety under the devise of the husband, and she was accordingly decreed to elect whether she would take one moiety in fee, and no more of the estate, or would take the

entire estate for life, with remainder over to the children at her death.

It is said, in support of this decree, that though it be true that the devise must in law be confined in its operation to one moiety only, it was, nevertheless, the intention of the testator to dispose, by will, of the whole estate—that he intended to devise to the children an estate in remainder in the wife's statutory moiety at the same time that he purposed to vest her with an estate for life in the other moiety, which, but for the will, would have gone to the children as heirs at law of the father; and it is urged, that if the wife insist upon her right under the statute, she must be considered as thereby repudiating the will, and cannot be permitted to claim the benefit of its provisions in her favor.

There is nothing, however, in the language of the will which evinces an intention on the part of Silvey to dispose of the entire estate. The devise must be read as applying only to that moiety which was within his testamentary power. A purpose to attempt the disposition, by will, of property, which, by statute, would pass to the wife, as survivor of the matrimonial community immediately upon his death, is not to be readily inferred, especially where, as here, the words employed by the testator may have their fair and natural import, by applying them only to that moiety of which he had by law the testamentary disposition.

I am of opinion that the case of *Beard* v. *Knox,* 5 Cal. 252, is, upon all the points involved, decisive of this case. The general question in that case, as here, concerned the effect upon the right of the surviving wife of a devise by the husband of the community estate. Upon examining the record of that case remaining on file in this Court, it appears that the will of Beard was substantially as follows: "First—I give and bequeath to my mother　*　*　*　the sum of three hundred dollars, to be paid by my executors

out of any moneys which may come into their hands from my estate after my death. * * * Second—I give and bequeath to my wife * * * the sum of five hundred dollars, to be paid by my executors out of any property after my decease. * * * Third—I give and bequeath to my daughter * * * all the property, of whatever kind or species, and all my money, except the amounts already bequeathed to my mother and my wife; * * * and I desire that none of said property shall be sold or disposed of before the 1st day of April, 1855, at which time I empower her guardians to sell all of such property," etc.

It was argued there, as here, that the surviving wife was necessarily driven to her election, whether she would claim under the will or against its provisions; and it appearing in that case that she had already accepted the legacy of five hundred dollars bequeathed to her, it was, therefore, insisted that she had thereby already elected to claim under the will, and, therefore, could not set up a claim to the moiety of the estate under the statute as survivor of the matrimonial community; and in this connection the rule was invoked by the counsel, that "one who takes an interest under the will cannot dispute the will." But whilst recognizing the general principle, that one who takes under a will cannot afterwards dispute its validity, the Court there said: "But the principle does not apply in the present case. The deceased had no authority to dispose of but one half of the property; this he might do to whomsoever he pleased. The plaintiff does not contest that right, but only seeks to withdraw her own property from the operation of a conveyance, which, it is claimed, has despoiled her of it. This she may do with the greatest propriety, as the legacy received by her was part of her husband's estate, and not her own."

In that case, it will be observed, the husband bequeathed to the wife a legacy, which was, of course, to be raised out

of his own moiety of the community estate. In the case at bar, while he made no bequest to his wife, he devised to her an estate for life in his moiety. If the acceptance by the wife of the legacy, under her husband's will in the former case, was consistent with her claim subsequently made to a moiety of the estate as survivor, it is clear that her claim in the case at bar to one moiety in fee, and the other for her natural life, cannot be successfully resisted here.

The decree of the Court below is reversed, and the cause remanded, with directions to enter a decree not inconsistent with the views expressed in this opinion.