[No. 12805.  In Bank. —November 1, 1888.]

IN THE MATTER OF THE ESTATE OF JOHN GWIN, DE-
        · CEASED.

ESTATE OF DECEDENT — WILL — ELECTION BY WIDOW — CONTEST. — An
   election by a widow to take the share of the community property to
   which she is entitled, and not to take under the will of her husband, is
   not in effect a contest of the will, or of its probate.
ID. — ESTOPPEL TO MAKING ELECTION — PROBATING WILL AND BECOMING
   EXECUTRIX. — A widow is not estopped to make an election to take
   under the law by causing the will of her husband to be probated, and by
   becoming the executrix thereof.
ID. — COMMUNITY PROPERTY — WIDOW WHEN NOT PUT TO AN ELECTION.
   — A testator, by his will, devised and bequeathed certain real and per-
   sonal property to his wife, and to his two sons "all of the real property
   in Butte County, California," of which he might die seised.  The real
   property in Butte County was community property.  Held, that the will
   did not put the widow to an election, and that she was entitled to one
   half of the real property in Butte County, as survivor of the community.

APPEAL from an order of the Superior Court of Santa
Barbara County, distributing the estate of a deceased
person.

The facts are stated in the opinion of the court.

*William H. Schooler*, for Appellants.

*B. T. Thomas*, for Respondent.

WORKS, J. — John Gwin, by his will, devised and be-
queathed certain real and personal property to his wife,
and to his two sons all of the real property in Butte
County, California, of which he might die seised.

His wife and two others were named as executors of
the will.

The will was duly admitted to probate, and the per-
sons named appointed executors, on the nineteenth day
of February, 1887.

The next step in the estate appearing in the record is
a notice by the widow that she declined to take under

the will, and elects to take, as widow, under section 1402 of the Civil Code.

This notice was filed April 26, 1888, more than one year after the probate of the will.

Subsequently, on the twenty-seventh day of April, 1888, a petition for distribution of the estate was filed by said widow, and on the 12th of May following decree of distribution was duly entered, by which the real estate of the deceased was declared to be community property, and one half thereof distributed to the widow, and one fourth each to the sons. The sons, who are legatees under the will, appeal.

No objection is made to the proceedings, nor is the fact that the real estate was community property in any way questioned.

The appellants contend that as the widow is named as executrix of the will, and caused the same to be probated, and was appointed and qualified as such executrix, and her election to take under the law was not made within one year, she is estopped to make such election. It is contended that the election on her part not to take under the will was in effect a contest thereof, and came too late under section 1333 of the Code of Civil Procedure. But this was in no sense a contest of the will, or its probate. On the contrary, the court below proceeded to settle and distribute the estate according to the terms of the will. It was found that the real estate was community property, and that, for that reason, the will, as against the widow, could only pass the title to one half thereof. There was no error in this conclusion. (Civ. Code, sec. 1402.)

It is urged that the widow, having probated the will, was estopped thereby to make her election, and numerous authorities are cited to the effect that one who has taken a beneficial interest under a will is thereby held to have confirmed and ratified it. This court has held that a widow is not estopped to make her election to take

under the law by causing the will to be probated, and becoming the executrix thereof. (*Estate of Frey*, 52 Cal. 658.)

There is nothing before us to show that the widow took a beneficial interest under the will; but if she had, it would not estop her from asserting her title to the one half of the community property, under the circumstances of this case. (*Beard* v. *Knox*, 5 Cal. 252, 257; 63 Am. Dec. 125; *Estate of Silvey*, 42 Cal. 210, 212.)

There is no error of which the appellants have reason to complain.

Order affirmed.

McFARLAND, J., SEARLS, C. J., THORNTON, J., PATERSON, J., and SHARPSTEIN, J., concurred.