[S. F. Nos. 3037, 3157.  Department One.—December 19, 1902.]

In the Matter of the Estate of I. G. WICKERSHAM, Deceased.  CORA L. WICKERSHAM, Executrix, etc., and I. G. WICKERSHAM, a Minor, by CORA L. WICKERSHAM, Guardian, Appellants and Respondents, v. LIZZIE C. WICKERSHAM et al., Respondents and Appellants.

ESTATES OF DECEASED PERSONS—CONTEST OF PETITION FOR DISTRIBUTION—VALIDITY OF CONVEYANCE—ORDER GRANTING NEW TRIAL—DISCRETION—CONFLICTING EVIDENCE.—Where the contest of a petition of executors for the distribution of the estate of a deceased person involved the validity and effect of a contract and conveyance of a son of the deceased, which if valid would bar the right of the contestants, it was in the discretion of the trial court to grant a new trial to the contestants on the ground that its finding that the contract in question was not obtained by fraud and undue influence used by grantees thereof, is not sustained by the evidence; and it appearing that the evidence thereupon was conflicting, the order must be affirmed.

ID.—RIGHTS OF CONTESTANTS—WILL OF WIDOW OF DECEASED—WIDOW'S SHARE IN ESTATE.—Where the contestants of the petition for distribution are an heir and the executrix of an heir of the deceased, their rights to appear. and participate in the proceedings for distribution are not affected by their rights under the will of the widow of the deceased.  The fact that they may have a right to a greater or less portion of the estate of the deceased widow by virtue of such will than they would have by law does not affect their right of contest, of distribution, nor their right to insist that the widow's estate shall receive all of her share in the estate of the deceased husband to which it is entitled.

ID.—CONVEYANCE BY SON TO RESIDUARY LEGATEES—EXPECTANT INTEREST IN ESTATE OF MOTHER—VOID GRANT.—A conveyance by a son of the deceased to the residuary legatees of his existing interest in the estate of his deceased father operated to transfer such interest; but in so far as it purported to convey his expectant interest in his mother's estate, it was legally void, and could not operate to transfer to the grantees upon the death of his mother the legal interest of the grantor in her estate.

ID.—CONTEST OF WILL OF WIDOW.—The rights involved in a contest of the will of the deceased widow cannot be prejudged in the settlement of the estate of her deceased husband.

ID.—ELECTION OF WIDOW TO TAKE UNDER WILL—CONTEST—FRAUD—UNDUE INFLUENCE.—The contestants of the petition for distribution

have the right to be heard upon their contest of an election of the deceased widow to take under the will of her deceased husband, and her renunciation of all interest in the community property, on the ground that it was obtained by fraud and undue influence.

ID.—ELECTION INEFFECTUAL—WIDOW'S SHARE IN COMMUNITY PROPERTY NOT DENIED.—The election of the widow to take under the will rather than to receive her moiety of the community property was ineffectual, there being nothing in the terms of the will of the deceased husband to indicate an intention on his part to dispose of the widow's share of the community property, but rather the contrary. The widow was not put to an election, and her title to one half of the community property remained unaffected.

ID.—ERRONEOUS DISTRIBUTION TO WIDOW'S ESTATE.—The estate of the deceased widow was entitled to one half of the community property, and one fourth of the remainder devised by her husband's will, and it was error to distribute to it one fourth of the whole only.

APPEAL from a decree of distribution of the Superior Court of Sonoma County and cross-appeal from an order granting a new trial. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

Francis J. Heney, Cowan & Juillard, and C. A. S. Frost, for Contestants, Appellants in No. 3037, and Respondents in Cross-Appeal No. 3157.

No estoppel is pleaded against Frank Wickersham on account of his contract to forego his expectancy in his mother's estate; but if it was pleaded, the burden of proof would be on those claiming under it to show affirmatively that the contract was fair and just in all of its parts, and founded upon an adequate consideration. (Civ. Code, secs. 700, 1045, 3391; *Bruck* v. *Tucker,* 42 Cal. 352; *Cooper* v. *Pena,* 21 Cal. 403; *Windsor* v. *Miner,* 124 Cal. 492; *Newman* v. *Freitas,* 129 Cal. 283; *Bacon* v. *Bonham,* 33 N. J. Eq. 614; *In re Garcelon,* 104 Cal. 570;[1] 1 Story's Equity Practice, sec. 336; *Brownley* v. *Smith,* 26 Beav. 644; *Hale* v. *Hallen,* 90 Tex. 427;[2] *Mastin* v. *Marlow,* 65 N. C. 695; *McClure* v. *Raben,* 125 Ind. 139; *McClure* v. *Raben,* 133 Ind. 507;[3] *Gowland* v. *de Faria,* 17 Ves. Jr. 20 [1810]. The contract and conveyance of Frank Wickersham, as heir apparent of his mother's estate in

---

[1] 43 Am. St. Rep. 134.          [3] 36 Am. St. Rep. 558.
[2] 59 Am. St. Rep. 819.

expectancy, were illegal and void, as being against public policy. (Civ. Code, secs. 1667, 1668; Bishop on Contracts, secs. 476, 478; *Watt's Admr.* v. *Hampton,* 98 Ky. 166;[1] *Richardson* v. *Crandall,* 48 N. Y. 348; *Atcheson* v. *Mallon,* 43 N. Y. 147;[2] *Drexler* v. *Tyrell,* 15 Nev. 114; *Elkhart County Lodge* v. *Crary,* 98 Ind. 238.[3]) The interest of the widow in the community property vested in her immediately upon her husband's death. (*In re Burdick,* 112 Cal. 387; *Estate of Parker,* 129 Cal. 396.) No election by the widow was necessary under a will like that of J. G. Wickersham. (*Beard* v. *Knox,* 5 Cal. 252;[4] *In re Silvey's Estate,* 42 Cal. 210; *In re Gilmore,* 81 Cal. 240; *In re Gwin,* 77 Cal. 313; *In re Smith,* 108 Cal. 119.) The election having been made under a mistake or misapprehension of her rights, there was no effective waiver of her rights in the community property. (1 Pomeroy's Equity Jurisprudence, 2d ed., sec. 512; *Hoxie* v. *Home Ins. Co.,* 32 Conn. 40;[5] *Shaw* v. *Spencer,* 100 Mass. 395;[6] *Holdsworth* v. *Tucker,* 143 Mass. 374; *State* v. *Churchill,* 48 Ark. 445; *Ripley* v. *Ætna Ins. Co.,* 30 N. Y. 164;[7] *Montague* v. *Massey,* 76 Va. 314.) The order granting a new trial should be affirmed. An offer to restore is not necessary where the claimants of rescission are entitled to a greater amount than the consideration paid under the contract. (*Watts* v. *White,* 13 Cal. 324; *Allerton* v. *Allerton,* 50 N. Y. 670; *Judge of Probate* v. *Stone,* 44 N. H. 593.)

Lippitt & Lippitt, Campbell, Metson & Campbell, J. C. Campbell, and Thomas H. Breeze, for Respondents in No. 3037, and Appellants in No. 3157.

Conceding that a conveyance of an expectancy does not pass the legal title, the contract, if made *bona fide* and for a valuable consideration, is enforceable in equity after the death of the ancestor. (*In re Garcelon,* 104 Cal. 570;[8] *Eissler* v. *Hoppel,* (Ind.) 62 N. E. Rep. 692; *Jenkins* v. *Stetson,* 9 Allen, 128; *Fitch* v. *Fitch,* 8 Pick. 479; *McClure* v. *Raben,* 125 Ind. 139; *McDonald* v. *McDonald,* 5 Jones Eq. 211;[9] *Mastin* v.

---

[1] 56 Am. St. Rep. 335, and note.      [6] 97 Am. Dec. 107, 1 Am. Rep. 115.

[2] 3 Am. Rep. 678.      [7] 86 Am. Dec. 362.

[3] 49 Am. Rep. 746.      [8] 43 Am. St. Rep. 134.

[4] 63 Am. Dec. 125.      [9] 75 Am. Dec. 434.

[5] 85 Am. Dec. 240.

*Marlow,* 65 N. C. 695; *Fitzgerald* v. *Vestal,* 4 Sneed, 258; *Havens* v. *Thompson,* 26 N. J. Eq. 383; *Barham* v. *McKneely,* 89 Ga. 812; *Stover* v. *Eycleshimer,* 4 Abb. Dec. 309; *Carleton* v. *Leighton,* 3 Mer. 667; *Lyde* v. *Mynn,* 1 Mylne & K. 683; *Kuhn's Appeal,* 163 Pa. St. 438; *Walker* v. *Walker,* 67 Pa. St. 185; *Power's Appeal,* 63 Pa. St. 443; *Baylor* v. *Commonwealth,* 40 Pa. St. 37;[1] *Wilson's Estate,* 2 Pa. St. 325; *Clendenning* v. *Wyatt,* 54 Kan. 523; *Parsons* v. *Ely,* 45 Ill. 232.) The mother having been a party to the contract, it should prevent the heirs of Frank Wickersham from representing her estate upon this distribution. (*In re Garcelon,* 104 Cal. 570;[2] *Crim* v. *Sawyer,* 132 Ill. 443.) The order granting a new trial was erroneous. This is a probate proceeding in which the doctrine of such a suit in equity as *More* v. *More,* 133 Cal. 493, has no application. (*Estate of Davis,* 136 Cal. 590.) This is not a proceeding in equity to rescind a contract, but is a probate proceeding contesting distribution in direct violation of a contract.

THE COURT.—Two appeals are before us ·in this case, presented mainly on the same record. The one is an appeal from a decree of final distribution by Mrs. Cora Wickersham, widow and executrix of Frank Wickersham, deceased, and I. G. Wickersham, their son, a minor, who appears by his mother as guardian; the other, an appeal by the executors from an order granting the motion of the contestants for a new trial. The former appellants will be designated in this opinion as the contestants.

The deceased, I. G. Wickersham, died testate June 20, 1899, leaving an estate of the value of about $647,000, all of which was the community property of deceased and his wife, Lydia. By the terms of the will, after devising certain real and personal property to the widow and small sums to others, the residue is thus disposed of: "The remainder of my estate, real and personal, I give, grant, and devise as follows: To be divided equally between my wife and children, with the following exceptions: To my son Frank five dollars, as I have already advanced to him about one hundred thousand dollars, which is to be in full of all interest in my estate," etc.,—the

---

[1] 80 Am. Dec. 551.          [2] 43 Am. St. Rep. 134.

other exceptions relating to deductions to be made from the shares of his son Fred and his daughter, Mrs. May Bergevin; and, it is added, the remaining child, Lizzie, is not charged with any advancement.

The will was presented for probate by Frederick and Lizzie Wickersham, two of the executors therein named, the other, Mrs. Lydia Wickersham, having filed her written renouncement. A written contest was thereupon filed by Frank Wickersham, the excluded heir, but was afterwards withdrawn, in pursuance of the written agreement set out in the findings of date August 17, 1899, between himself, as party of the first part, and his mother and the other residuary legatees, as parties of the second part. Thereafter, September 5, 1899, the will was admitted to probate.

On the same day, it is alleged in the petition of the executors for final distribution, Mrs. Lydia Wickersham, widow of deceased, ''duly filed, . . . in the matter of the estate, . . . her written waiver of her right to take her share of the community property of the said estate under and by virtue of the laws of California, and she also, on said date, duly filed her. written election to take under and by virtue of the provisions of the said last will and testament of the said . . . deceased.'' Mrs. Wickersham, it is further alleged, died February 10, 1900, and the settlement of her estate is still pending.

From the written opposition of the contestants to the petition of the executors, the facts appear, among others, that there was an alleged will of Mrs. Lydia Wickersham, by the terms of which, after some small legacies (and among others one of fifty dollars to her son Frank), the residue of her estate was left to Frederick and Lizzie Wickersham, the executors here, and their sister, Mrs. May Bergevin; that the will had been admitted to probate, but was afterwards contested by Cora Wickersham (one of the contestants here), as executrix of Frank Wickersham, on the grounds of the incompetency of the testatrix, and that the will was procured by fraud, undue influence, etc., and that the contest was still pending.

The contract of Frank Wickersham with the residuary legatees of his father's will, of date August 17, 1899, which purports to convey to the grantees his interest in his father's estate, and his expectant interest in the estate of his mother,

then living, and the waiver or election of Mrs. Lydia Wicker-
sham, alleged in the executor's petition, are also attacked on
the ground of fraud and undue influence.

No questions arise as to the sufficiency of the contestants'
allegations to support their grounds of contest of the will or
of the other documents in question, and it will therefore be
unnecessary to enter into detail with regard to them.

Written objections were interposed by the executors to the
contestants being heard, on the general ground that they were
not parties in interest in the estate of I. G. Wickersham, and
more especially on the ground of the alleged conveyance of
Frank's interest in the estate of his father and expectant in-
terest in that of his mother.

In view of the case as taken by the court below, the con-
trolling question was as to the right of the contestants to be
heard in the proceedings; and this again was regarded as
turning upon the effect of the contract last mentioned. Ac-
cordingly, the only issues tried in the case were those relat-
ing to the validity and effect of this contract, or conveyance,
and upon these the court found that the contract was duly
executed, without fraud, duress, or undue influence on the
part of the grantees, and in consideration of the sum of
$28,000, therein named; that the consideration was adequate,
and the contract fair in all its parts; and that the considera-
tion had not been repaid or tendered to the grantees. From
these facts the court found, as conclusion of law, that the
contestants "are estopped from contesting any matters in the
estate of I. G. Wickersham, deceased," and the decree al-
ready referred to was entered. Afterwards, on the motion
of the contestants, a new trial was granted, on the grounds,
first, that, upon the authority of the decision in *More* v. *More*,
133 Cal. 489, the court had come to be of the opinion that
the failure of Frank Wickersham, or of the contestants, to
return the consideration received under the contract was an
immaterial circumstance, and, secondly, and principally, on
the ground that the evidence was insufficient to justify the
finding that the contract was not procured by fraud.

It was within the discretion of the trial court to grant a
new trial on the ground that the finding that the contract in
question was not obtained from Frank Wickersham by fraud

and undue influence used by the grantees, other than his mother, is not sustained by the evidence. Upon this point the evidence was, to say the least, conflicting. We cannot say, therefore, that the court went beyond its discretion in granting the contestants a new trial, and the order must therefore be affirmed.

Some further observations will, however, be necessary with a view to the future progress of the case. These relate, severally, to the will of Lydia Wickersham, to the contract of Frank Wickersham, and to the renouncement, or waiver, by the former of her interest in the community property.

With regard to the will of Lydia Wickersham, it does not appear that the right of the contestants to appear and participate in the determination of the rights of distribution are affected thereby. The contestants are, the one as heir, and the other the executrix of an heir, of the deceased. As such, they are authorized to appear and participate in the proceedings for distribution (Code Civ. Proc., secs. 1663, 1664), and they will be equally entitled to do so if they are legatees. The fact that they may have a right to a greater or less portion of the estate of Lydia Wickersham by virtue of the will than they would have by law does not affect their right to insist that that estate shall, upon the distribution of the estate of I. G. Wickersham, receive all of the latter's estate that they may claim it is entitled to, and this is the only position they should in those proceedings be allowed to assume or maintain. It is therefore not necessary to determine in this proceeding whether they are heirs or legatees of Lydia Wickersham.

As to the contract of Frank with the residuary legatees, that doubtless operated to transfer to the grantees his then existing interest in his father's estate; but so far as it purported to convey his expectant interest in his mother's estate, it was legally void; nor could it operate to transfer to the grantees, upon the death of Mrs. Wickersham, the legal interest of the grantor in her estate. (Civ. Code, secs. 700, 1045; *Estate of Garcelon*, 104 Cal. 584 et seq.; [1] 2 Story's Equity Jurisprudence, sec. 1040b; 2 Pomeroy's Equity Jurisprudence, sec. 953.) He therefore still remained the legal owner of that interest and of the resulting interest in his father's

[1] 43 Am. St. Rep. 134.

estate, and the contestants, as his representatives, were entitled to assert it. A contract of this character, made on adequate consideration, and otherwise unobjectionable, may be enforced in equity as an agreement to convey, or by way of estoppel or otherwise; but such questions are for the court having exclusive cognizance of the widow's estate to determine. For upon that court exclusively devolves the jurisdiction to determine the persons entitled to distribution, and the involved questions of the validity of the will, and of the right of the contestants to be heard in opposition to it; nor can these questions be prejudged in this proceeding. The contract, therefore, whether it be successfully impeached for fraud or the contrary, can have no bearing on the right of the contestants to be heard in this proceeding.

Nor can the supposed waiver by the widow of her rights in the community property, and her election to take under the will, in any way affect the right of contestants to be heard. For their claim is, that it was obtained by fraud and undue influence; and their right to be heard on this issue is at least clear. But beyond this it is clear that the so-called election, or waiver, was wholly void. This appears on the face of the document itself, which is as follows:—

"I, the undersigned, widow of I. G. Wickersham, having read his will heretofore filed herein for probate, and knowing its contents, do hereby declare that it is my desire that his wishes be in every respect regarded, I hereby renounce all and any of my community rights in the said estate, and in all and any community property made or accumulated after our marriage, and I hereby elect to take the share given and devised me under and by my husband's will, and I waive all other rights in our property that I would have as his surviving wife, and I further most respectfully petition and request that my said husband's wishes be adhered to and followed.

"Dated August 2, 1899.          LYDIA WICKERSHAM."

It is clear from the terms of this instrument that it was not intended as a gift or conveyance to the other legatees, but that the sole intent was to make an election between the legacy made to her in the will of her husband and her supposed inconsistent right to her moiety of the community property,

and the sole motive a desire to conform to her husband's supposed wishes in the matter. The instrument is therefore to be regarded merely as the exercise of a supposed election devolving on the widow, and, unless valid for that purpose, as ineffectual. But in fact there is nothing in the terms of the will to indicate an intention on the part of the testator to dispose of the widow's share of the community property. (*Beard* v. *Knox*, 5 Cal. 256;[1] *Payne* v. *Payne*, 18 Cal. 299; *Estate of Silvey*, 42 Cal. 210; *King* v. *La Grange*, 50 Cal. 328; *Estate of Frey*, 52 Cal. 658; *Estate of Gwin*, 77 Cal. 313; *Estate of Gilmore*, 81 Cal. 240; *Estate of Smith*, 108 Cal. 119; Story's Equity Jurisprudence, secs. 1086 et seq.) But rather, as is cogently argued by counsel for contestants, from the reason given by the testator for excluding his son Frank from the bequest to his "wife and children," the contrary is indicated,—the reason being that he had already advanced him about $100,000, which amount, though in excess of one fifth of the half of the community property, was much less than one fifth of the whole. For there is nothing in the will to indicate any intention to discriminate against Frank, and the contrary intent is apparent. The widow was therefore not put to an election, and it is clear that the document was executed under a misapprehension of her rights. (2 Story's Equity Jurisprudence, secs. 1097, 1098; 1 Pomeroy's Equity Jurisprudence, secs. 511-512; *Kidney* v. *Coussmaker*, 12 Ves. Jr. 136.) Omitting, therefore, other objections urged to the validity of the alleged election of the widow to take under the will, it is clear that the case was not one in which she was put to an election, and that her title to one half of the community property was not affected. Her estate was, therefore, entitled to one half the community property, and one fourth the remainder, and it was error to distribute to it one fourth of the whole only.

We have considered above the effect of the contract or conveyance of Frank Wickersham to the residuary legatees, assuming it to be valid, upon his rights in the estate as the immediate heir of his father, but have not thought it necessary to determine what will be the effect of its rescission on his rights, in case it should be found by the court that the con-

[1] 63 Am. Dec. 125.

tract was fraudulently obtained. Whether in such case the court would have jurisdiction to afford the contestants equitable relief by converting the residuary legatees into trustees towards them, or otherwise (*Estate of Davis,* 136 Cal. 590), is an important question, but it is not presented on the present appeals; and, as it seems probable, from the record now before us, that the advancements of the testator to his son Frank, in the lifetime of the former, amounted to more than the latter would have been entitled to as heir, it is not probable that it will arise in the further progress of the case. It is therefore left undetermined.

For the reasons given the order or decree of distribution appealed from must be reversed and the order granting the motion for a new trial affirmed, and it is so ordered.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.