[L. A. No. 3502. Department One.—December 3, 1913.]

In the Matter of the Estate of CHARLES PRAGER, Deceased.

WILLS—DEVISE OF COMMUNITY PROPERTY BY HUSBAND—ELECTION BY WIDOW.—Where a testator attempts to dispose of the entire community property, as well as his separate estate, and there is nothing in the express terms of the will, nor in its language when read in the light of the circumstances, that indicates an intention on his part that gifts therein to her are to be in lieu of her' community right, she is not required to elect between taking under the will and taking her community interest, but she may claim both.

ID.—COMMUNITY PROPERTY—PRESUMPTION AGAINST HUSBAND DEVISING. The testator is presumed to have made his will with knowledge that his power of testamentary disposition did not extend to the surviving wife's interest in the community property, and that he did not intend to devise or bequeath the one-half of the community property

which, upon his death, would vest in her irrespective of any attempt that he might make to dispose of it by will. In the absence of anything in the instrument to indicate a contrary intent, the testamentary dispositions must, accordingly, be understood as intended to cover only the property which the testator had the right to devise or bequeath, that is, his separate property and an undivided half of the community property.

ID.—LIBERAL BEQUEST TO WIFE—WHETHER IN LIEU OF COMMUNITY RIGHT.—The mere fact that provision, however liberal, is made in the will for the wife, is not enough to justify the conclusion that such provision was intended to be in lieu of her interest as survivor of the community.

ID.—OBLIGATION OF WIDOW TO ELECT—WHEN ARISES.—The widow's obligation to elect arises only where the testator has, by the terms of the will, clearly manifested the intention to make the testamentary gift to her stand in lieu of her interest in the community property. The provision may be declared in terms to be given in lieu of the right as survivor of the community, or the language of the will may be such as to show clearly an intent to dispose of the whole of the community property in such manner that the widow cannot take the moiety given her by law without, to that extent, defeating the plain intent of the testator.

ID.—COMPROMISE BETWEEN WIDOW AND OTHER BENEFICIARY—EFFECT AS ESTOPPEL.—A settlement and compromise between the widow of a testator and another beneficiary under his will, based upon a consideration, whereby such beneficiary waives her objection to the widow's claim to succeed to one-half of the community property as well as under the will, estops such beneficiary from again raising that objection.

APPEAL from a decree of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Trask, Norton & Brown, for Appellant.

O'Melveny, Stevens & Millikin, and Oscar Lawler, for Respondent.

SLOSS, J.—Fannie Prager Cohn, one of the devisees under the will of Charles Prager, deceased, appeals from a decree of settlement of final account and of distribution.

The will, so far as its terms are material here, provides as follows:

"Second. I direct that all of the real property owned by me at the time of my death, situate without the corporate limits of the city of Los Angeles, be distributed to the following named persons, share and share alike, to wit: My brother, Morris Prager; my nephews Lesser, Michael and Harry Prager; and my nieces, Eva and Bella Prager, and Regina Feintuch, Fannie Cohn, Celia Cohn, and Rosa Eppstein, provided, however, that should any of said persons in this paragraph named be dead at the time of my decease, then and in that event I direct that the share to which said person would be entitled, if living, be distributed to his or her heirs at law by right of representation." The third paragraph gives to one of the nephews certain jewelry; the fourth bequeaths one thousand dollars to Helen Jane Lawler. Then follows this provision: "All the rest, residue and remainder of my estate, of every kind and character, including all real property owned by me within the corporate limits of the city of Los Angeles, and mortgages, notes, bonds and other personal property of every description, I give, devise and bequeath unto my wife, Mary J. Prager, absolutely." The widow and Oscar Lawler are named as executrix and executor.

By a codicil, the testator bequeathed three legacies of fifteen thousand dollars each, but made no other change in the disposition of his property.

Charles Prager died on the fourteenth day of September, 1911. The total value of the estate, as shown by the appraisement, was $630,321.67. The real property situate outside of the city of Los Angeles, covered by paragraph second of the will, was appraised at $179,928.50. All of this was community property. There was other community property consisting, principally, of a note secured by mortgage and two bonds, said note and bonds, together, being of the appraised value of sixteen thousand dollars; also two parcels of land in the city of Los Angeles, appraised at fifty-four thousand dollars. The separate property of the decedent consisted of land in the city of Los Angeles, appraised at three hundred and eighty thousand dollars.

Very shortly after the testator's death, the widow, Mary J. Prager, through her attorney and coexecutor, Mr. Lawler, informed the devisees named in the second paragraph that she claimed the right to succeed to one-half of the community

property, in addition to taking what was given her by the will.
Most of the said devisees at once conceded the validity of this
claim.    For a considerable period during the administration,
two of them, Mrs. Fannie Prager Cohn and Mrs. Celia Prager
Cohn, opposed the position of the widow, contending that she
was put to her election to take under the will or as survivor
of the community.    Mrs. Celia Cohn finally abandoned her
opposition, and Mrs. Fannie Cohn, the appellant, remains as
the only one of the devisees now contesting the widow's claim.

By a decree of partial distribution, the real property out-
side the city of Los Angeles was distributed as follows; one-
half thereof to Mary J. Prager, as surviving widow of the
decedent; and the other one-half in equal shares of an un-
divided one-twentieth each, to the ten persons named in para-
graph second, or their assigns.    Thereafter, the specific and
pecuniary legacies having been satisfied, the court made the
decree here appealed from, by which the residue of the estate
(with the exception of one item of property not ready for dis-
tribution) was distributed to the widow.    The claim of the
appellant, Fannie Cohn, is that the widow, by taking under
the decree of partial distribution one-half of the community
property not devised to her, had manifested her election to
forego the benefits given her by the will.

Reading the will by itself or in the light of the circum-
stances shown by the record, we find no ground for holding
that the widow was called upon to surrender either her in-
terest in the community property or the devises and bequests
given her.    The rules of law governing the question of elec-
tion in cases like the present have been declared in numerous
decisions of this court.    The testator is presumed to have
made his will with knowledge that his power of testamentary
disposition did not extend to the surviving wife's interest in
the community property.    The presumption is, further, that
he did not intend to devise or bequeath the one-half of the
community property which, upon his death, would vest in his
widow irrespective of any attempt that he. might make to
dispose of it by will.    In the absence of anything in the in-
strument to indicate a contrary intent, the testamentary dis-
positions must, accordingly, be understood as intended to
cover only the property which the testator had the right to
devise or bequeath, i. e., his separate property and an undi-

vided half of the community property. The mere fact that provision, however liberal, is made in the will for the wife, is not enough to justify the conclusion that such provision was intended to be in lieu of her interest as survivor of the community. (*Beard* v. *Knox,* 5 Cal. 252, [63 Am. Dec. 125]; *Estate of Silvy,* 42 Cal. 211; *King* v. *La Grange,* 50 Cal. 3^3; *Estate of Frey,* 52 Cal. 658; *Estate of Gwin,* 77 Cal. 313, [19 Pac. 527]; *Estate of Gilmore,* 81 Cal. 240, [22 Pac. 655]; *Estate of Smith,* 108 Cal. 115, [40 Pac. 1037]; *Estate of Wickersham,* 136 Cal. 355, [70 Pac. 1076, 71 Pac. 437]; *Estate of Vogt,* 154 Cal. 508, [98 Pac. 265].) The widow's obligation to elect arises only where the testator has, by the terms of the will, clearly manifested the intention to make the testamentary gift to her stand in lieu of her interest in the community property. The provision may be ''declared in terms to be given in lieu of'' the right as survivor of the community (*Morrison* v. *Bowman,* 29 Cal. 337), or the language of the will may be such as to show clearly an intent to dispose of the whole of the community property in such manner that ''the widow cannot take the moiety given her by law without, to that extent, defeating the plain intent of the testator.'' (*Estate of Vogt,* 154 Cal. 508, [98 Pac. 265]; *In re Stewart,* 74 Cal. 98, [15 Pac. 445]; *Estate of Smith,* 108 Cal. 115, [40 Pac. 1037].)

The will before us does not declare that the gifts to the widow shall be in lieu of her community right. Neither do its provisions show an intention which would be frustrated by permitting the widow to take both her moiety of the community property and the residue given to her. The property given to the widow included both separate and community estate. Some of the community property, i. e., the land outside the city of Los Angeles, was devised to the persons named in paragraph second. There is nothing to indicate that the latter provision was intended to operate as a gift of more than the share which was subject to the decedent's testamentary disposition. Applying the presumptions of which mention has been made, the will discloses a simple and consistent scheme, which may be carried out in every respect without affecting the widow's right to claim her lawful interest in the community property. In every case in which the widow has been held to be put to her election, the will contained language

which, when read in the light of the circumstances, showed plainly that the testator was undertaking to dispose of the entire community property, and that his intention could not be given effect if one-half of such property were withdrawn from the operation of the will. This case presents no such features. On the contrary, it is in every material respect like a number of those, above cited, in which this court concluded that no duty of election arose.

But, in any event, the decree must be sustained upon another ground. In addition to her claim that, under the will, she was entitled to both her community interest and the residuary legacy and devise, the widow relied upon, and set up in her petition for distribution, an agreement made between her and the beneficiaries under paragraph second, whereby, for a good consideration, the latter agreed that she should take under the will as well as in her capacity as survivor of the community. The court found in favor of these allegations, its findings being, in brief, as follows: In order to settle and compromise the conflicting claims of the widow and said Fannie Prager Cohn, it was agreed by the widow and all of the beneficiaries under paragraph second that said Fannie Prager Cohn would admit the right of the widow to take all of the property of the estate claimed by her; that the parties to the agreement would all join in a petition for partial distribution of the property outside of the city of Los Angeles, in the proportions of one-half to the widow, and an undivided one-twentieth to each of said beneficiaries or his or her assigns; that all of the parties would execute to Herman Cohn, husband of Celia Cohn, an option to purchase said property for $185,250, such sum, when paid, to be divided among the parties in the proportions named in the petition for distribution to be filed. As one of the considerations passing to Fannie Cohn for making said compromise and settlement, it was agreed that Herman Cohn would pay to said Fannie a share of the profit which he might realize on said option, such share to be $16,750, if such profit should amount to sixty-four thousand five hundred dollars. A further consideration was the assignment by the widow to Celia and Fannie Cohn for five thousand dollars and interest, of Lesser Prager's interest in the estate. such interest having been theretofore purchased by the widow. This agreement was carried out in all its

parts. The parties petitioned for partial distribution, which was granted as already stated. The parties to the settlement united in an option to Herman Cohn, authorizing him to purchase the property so distributed at any time within six months for $185,250. An assignment of the interest of Lesser Prager was executed by the widow to Herman and Nathan Cohn, designated by their respective wives to receive the same, and deposited in escrow with instructions to deliver upon payment of the agreed sum of five thousand dollars and interest. It was subsequently paid for and delivered. Herman Cohn sold his option at a profit of sixty-four thousand five hundred dollars, of which Fannie Cohn received $16,750. She also received moneys accruing on account of the interest of Lesser Prager, assigned as aforesaid, as well as her share of the sum of $185,250 paid as the purchase price of the lands outside of the city of Los Angeles.

Whatever may have been the original legal rights of the widow, it is too plain for discussion that this settlement and compromise whereby the appellant, in consideration of the option and transfer, agreed to waive her objection to the widow's claims, operated, when fully executed, to estop and preclude said appellant from claiming that the widow was not entitled to succeed to one-half of the community property and to take as well the residue of the estate. And such was the conclusion of law drawn by the court from the facts above recited.

The appellant does not question the propriety of this conclusion, her only contention in this regard being that the facts found are not supported by the evidence. The contention is without merit. The making of the agreement of compromise, so far as it was not covered by documentary evidence, was fully set forth in the testimony of Mr. Lawler, who was corroborated on essential points by several of the beneficiaries, as well as by Herman and Nathan Cohn, the latter being the husband and authorized agent of the appellant. There was, indeed, little, if any, substantial contradiction of this testimony, but, if there had been, the determination of the trial court on conflicting evidence, is, of course, not open to attack here. The execution of all the terms of such agreement was likewise established by clear proof.

The decree is affirmed.

Angellotti, J., and Shaw, J., concurred.