[S. F. No. 6982. Department One.—January 22, 1915.]

In the Matter of the Estate of PIETRO CARLO ROSSI, Deceased. JOHN E. McDOUGALD, as Treasurer of the City and County of San Francisco, Appellant, v. AMELIE A. ROSSI et al., Executors of the Will of Pietro Carlo Rossi, Deceased, et al., Respondents.

ESTATE OF DECEASED PERSON—WILL—COMMUNITY PROPERTY—BEQUEST OF ONE-HALF OF PROPERTY TO WIDOW—WIDOW TAKES THREE-FOURTHS OF COMMUNITY PROPERTY.—Where a testator, whose estate consisted entirely of community property, by his will left one-half of his "property or possessions" to his wife, and the other half to be distributed in equal shares among his sons and daughters, there is nothing in the will to indicate an intention to make the testamentary gift to the widow stand in lieu of her community interest. She takes one-half of the community property by virtue of survivorship, and one-half of the balance by the will, in other words, three-fourths of the entire community property.

ID.—INHERITANCE TAX—BASIS OF COMPUTATION—RIGHT OF STATE CANNOT BE AFFECTED BY AGREEMENT BETWEEN HEIRS.—Under such circumstances, the widow became the absolute owner of three-fourths of the estate upon the death of the testator, and the right of the state to the inheritance tax, computed upon that basis, vested upon the death of the testator, and could not be affected by any subsequent arrangement that might be made by the heirs.

APPEAL from an order of the Superior Court of the City and County of San Francisco fixing and assessing an inheritance tax. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Hartley F. Peart, U. S. Webb, Attorney-General, Albert H. Elliott, Assistant Inheritance Tax Attorney, and Gus L. Baraty, for Appellant.

Ambrose Gherini, for Respondents.

At the close of the argument, Sloss, J., delivered the opinion of the court, Shaw, J., and Lawlor, J., concurring:

By his will the testator left one-half of his "property or possessions" to his wife and the other one-half to be dis-

tributed in equal shares among his sons and daughters. The estate was all community property. The court below charged the widow with inheritance tax on only one-half of the entire community property, and from this order the treasurer appeals.

There is nothing in this will to indicate an intention to make the testamentary gift to the widow stand in lieu of her community interest. The rule has been established by many cases that in the absence of something in the will to indicate that intention, the widow will take one-half of the community property by virtue of survivorship and will take whatever is given her under the will in addition. This rests upon the presumption that the testator made his will in contemplation of the rule of law that his power of testamentary disposition extends to only one-half of the community property. As he cannot give away the widow's half of the community property by will, he is presumed to make his will with reference to the other half only. She therefore takes the one-half as survivor of the community and takes such portion of the other half as the husband has given her by the will. Where he gives her one-half of his estate, she takes three-fourths of the entire community property. This rule and the reasons for it are well stated in *Estate of Gilmore,* 81 Cal. 240, [22 Pac. 655]. (See, also, *Estate of Prager,* 166 Cal. 450, [137 Pac. 37], approving the rule laid down in the Gilmore case, and citing many other cases.) There is no ground of distinction between this case and those referred to. If, as is suggested in the record before us, the widow filed a "waiver" of her right to anything over one-half of the estate, it was a mere voluntary conveyance or transfer by her of property to which she was entitled under the will or as successor to the community. She had become the absolute owner of three-fourths of the estate upon the death of the testator and was not called upon to make an election or to waive anything. That being so, the right of the state to the inheritance tax, based upon three-fourths of the estate, vested upon the death of the testator (*Estate of Stanford,* 126 Cal. 112, [45 L. R. A. 788, 54 Pac. 259, 58 Pac. 462]), and could not be affected by any subsequent arrangement that might be made by the heirs.

The order is reversed, with directions to the court below to fix the inheritance tax in accordance with the views here expressed.