[Civ. No. 16995.   Second Dist., Div. Two.   Dec. 12, 1949.]

Estate of LYNN C. BOYD, Deceased. MAHALA M. BOYD, Appellant, v. JANE B. MUDD et al., Respondents.

Rodney F. Williams for Appellant.

Martin & Bowker, Bailey & Poe and Rufus Bailey for Respondents.

McCOMB, J.—This is an appeal from an order of the probate court determining interest in an estate adversely to the claims of appellant.

*Facts:* Decedent Lynn C. Boyd and appellant were married in Indiana in 1894.   During the time they were domiciled outside the State of California decedent acquired personal property which in the state where acquired would have been his separate property, but which if decedent and appellant had been residents of California would have been community property of the parties.   In 1944, appellant and her husband moved to California and became residents of this state and were such at the time of decedent's death May 13, 1945.   Appellant's husband left a will by which it was

provided: "All the rest and residue of my property, real, personal or mixed, of every kind and description whatsoever and wherever the same may be located or situate, of which I may die seized or possessed, or to which I may be entitled at the date of my death, I give, devise and bequeath to my son, James F. Boyd, as Trustee, to be held in trust and for the following use and purposes, to wit: . . ."

The terms of the trust provided that the trustee pay to appellant the income from the trust and so much of the principal as she might deem necessary for her convenience, welfare, care and support, and that upon appellant's death the trust property should be distributed share and share alike to the children of their marriage. Decedent's will was admitted to probate and on January 8, 1946, pursuant to appellant's petition, an order for family allowance was made authorizing payment to her of $250 per month from the funds of the estate. On October 28, 1946, a further order was made by the probate court upon application of appellant increasing the family allowance to her in the sum of $500 per month. On December 26, 1946, appellant filed a petition for a decree to determine her interest in the estate, alleging that all assets of the estate were community property of decedent and appellant and by reason thereof she was entitled to have distributed to her one-half of the estate as community property, and to have the other half of the estate which was subject to her husband's testamentary disposition placed in the testamentary trust provided for in the will.

Objections to the petition to determine interest were filed by respondent Jane B. Mudd, who claimed that the assets of the estate were separate property of decedent, and that petitioner had made an election. After a hearing the court sitting in probate held that appellant by petitioning for and accepting a family allowance had elected to abide by the terms of the will and was precluded from claiming any interest in the estate by reason of such election other than her interest as set forth in the will.

*Question: Did appellant by applying for and accepting a family allowance from the estate thereby elect to abide by the terms of the will and waive any right to claim that the property of decedent was community property?*

This question must be answered in the negative. ■ A widow's obligation to make an election arises only where the testator, by the terms of his will, clearly manifests an intention

to make a testamentary gift to her stand in lieu of her community interest in the property of the estate. (*Estate of Prager,* 166 Cal. 450, 454 [137 P. 37]; *Estate of Silvey,* 42 Cal. 210, 213; *In re Gilmore,* 81 Cal. 240, 242 et seq. [22 P. 655]. See, also, *Estate of Wickersham,* 138 Cal. 355, 363 [70 P. 1076, 71 P. 437].)

In the instant case there is nothing inconsistent between appellant's accepting a family allowance and the provisions in the will for her benefit. The provisions in the will were general in their nature, and decedent, by the terms of his will, did not manifest an intention to require her to make an election between her rights under the statute and those which she might receive under the will. Therefore she was not required to make, and her action did not constitute, an election.

The decree determining interest in the estate is reversed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied January 3, 1950, and respondents' petition for a hearing by the Supreme Court was denied February 8, 1950. Traynor, J., and Schauer, J., voted for a hearing.