---

(4 Misc. Rep. 230.)

## In re MURPHY'S ESTATE.

(Surrogate's Court, New York County. June, 1893.)

LEGACY TAX—BEQUEST IN TRUST FOR CHARITABLE CORPORATIONS.

A bequest, absolute in form, to executors, pursuant to an understanding between them and testator, by which a valid parol trust was created in favor of certain charitable corporations which are exempt from taxation, is not subject to the legacy tax.

Appeal from order of appraiser.

Proceeding for the appraisement of the estate of Patrick Murphy, deceased, for the purpose of fixing the legacy tax on the residuary estate. The appraiser made an order fixing the tax, and the executors appeal. Reversed.

The material part of decedent's will is as follows:

"Item 20. I give, devise, and bequeath all the rest, residue, and remainder of my estate at the time of my death to the Very Rev. John M. Farley and Jeremiah Fitzpatrick, both of the city of New York, and to the survivor of them, and the heirs, executors, administrators, and assigns of such survivor, absolutely and forever. It is my wish and request that the devise and bequest, and all the proceeds thereof, be applied to and be distributed among all the Roman Catholic parochial schools of the city of New York at the time of my death pro rata; that is to say, in proportion to the average number of pupils attending such schools at the time of my death. In making this request, it is not my intention or wish to interfere with the legal and personal character of this devise and bequest to the said Very Rev. John M. Farley and Jeremiah Fitzpatrick, and the survivor of them, and the heirs, executors, administrators, or assigns of such survivor, forever, as an absolute bequest. Item 21. In case any of the above devises, bequests, or legacies should at any time lapse or fail, or in case any of the corporations aforesaid shall not be capable of taking the same, or any of the same, or any part thereof, then, and in every such case, I give, devise, and bequeath every such devise, bequest, or legacy, and all money mentioned therein, and the proceeds thereof, to the said Very Rev. John M. Farley and Jeremiah Fitzpatrick, and the survivor of them, and the heirs, executors, administrators, or assigns of such survivor, absolutely and forever. And it is my wish and request that the same be applied to and be distributed among all the Roman Catholic parochial schools of the city of New York at the time of my death pro rata; that is to say, in proportion to the average number of pupils attending such schools at the time of my death. In making this request it is not my intention or wish to interfere with the legal and personal character of this devise and bequest to the said Very Rev. John M. Farley and Jeremiah Fitzpatrick, and the survivior of them, and the heirs, executors, administrators, or assigns of such survivor, absolutely and forever, as a personal bequest. Item 22. It is my will, and I do expressly and positively direct, devise, and bequeath, that if any one among my heirs at law or next of kin, or any of the persons or corporations above named, shall opppose or contest the probate, or the validity and sufficiency, of this, my will, or any part thereof, or shall take any steps or measures to avoid or set aside or otherwise invalidate the same, or any part thereof, then, and in every such case, I hereby revoke and annul all and every provision of this, my will, in favor of such heir or heirs at law, or next of kin, or person or persons, or corporation or corporations, and every part thereof, and such heir or heirs at law, next of kin, person or persons, corporation or corporations, shall not receive or enjoy any portion of my estate, but the same and every part and parcel thereof, and all such devises, bequests, and legacies, and all the rest, residue, and remainder of my estate, real, personal, and mixed, I hereby devise, bequeath, and give to the said Very Rev. John M. Farley and Jeremiah Fitzpatrick, and the survivor of them, and the heirs, executors, administrators, or assigns of such survivior, absolutely and forever. It is my wish and request that all such devises, legacies, bequests, moneys, and the proceeds thereof be applied to and distributed among all the Roman Catholic parochial schools of the city of New York at the time of my death pro rata; that is to say, in proportion to the average number of pupils attending such schools at the time of my death. In making this request it is not my intention or wish to interfere with the legal and personal character of this devise or bequest to the said Very Rev. John M. Farley and Jeremiah Fitzpatrick, and the survivor of them, and the heirs, executors, administrators, and assigns of such survivor, as an absolute and personal devise or bequest."

John M. Farley stated in his affidavit "that he is one of the executors; that he had several conversations with Patrick Murphy relative to the disposition of his estate, as it was made in his will; that Murphy was an ardent advocate of having Roman Catholic children educated in parochial schools, and intended that the moneys bequeathed in clause 20 of the will should be given to such schools, as well as the property received by the executors according to clauses 21 and 22; that there was a distinct understanding between him and Murphy that the money and property received under clauses 21 and 22 should be distributed among the Roman Catholic schools of this city."

The testimony of Jeremiah Fitzpatrick was similar to that of Farley's.

Michael J. Scanlan, for appellants.

Edgar J. Levey, for respondent the comptroller of city of New York.

FITZGERALD, S.　By the provisions of the will of this testator, in connection with the proof furnished by the executors as to the understanding between the executors and the testator, which was the consideration influencing deceased to make the bequest in the absolute form in which it appears, a valid parol trust was created, enforceable in equity in favor of the various religious corporations which were to share in the proportions specified. These corporations being of a class exempt under the statute, the order appealed from must be reversed.　In re Farley's Estate, 15 N. Y. St. Rep. 727; In re Havens' Estate, 2 N. Y. Supp. 639; Lynch v. Loretta, 4 Dem. Sur. 318; Willets v. Willets, 35 Hun, 405; In re O'Hara, 95 N. Y. 413.　Order reversed.