[Civ. No. 2567.    Third Appellate District.—March 19, 1923.]

In the Matter of the Estate of BENJAMIN HOLT, Deceased. ANNA BROWN HOLT, Executrix, etc., et al., Respondents; MYRA A. HOLT, Appellant.

[1] INHERITANCE TAX—ORAL TRUST—EVIDENCE—IMPLIED FINDING.— In this proceeding in probate to obtain an order fixing the amount of inheritance tax due, there having been no evidence that the beneficiary named in the will knew, during the lifetime of the decedent, that the latter intended to create the alleged oral trust, the acceptance of which she acknowledged in writing after his

---

1.    Inheritance taxes, note, 127 Am. St. Rep. 1035.

death, the implied finding of the court against the existence of such alleged oral trust was justified by the evidence; and the court properly fixed the amount of the inheritance tax irrespective of the alleged trust.

[2] ID.—DECLARATIONS OF TESTATOR—KNOWLEDGE OF BENEFICIARY—EVIDENCE.—In such a proceeding, the declarations of the testator, not made in the presence of the beneficiary, or communicated to her during his lifetime, were not admissible to prove knowledge on her part that he intended to create the alleged oral trust.

[3] ID.—ADMISSION OF WILL TO PROBATE—ISSUES—FINDINGS—EFFECT ON RIGHT TO COLLECT TAX.—Where a will makes a bequest to a designated beneficiary and there is nothing in the will to limit or qualify such bequest, upon the admission of such will to probate a finding by the trial court, based upon a writing signed by said beneficiary after the death of the testator, that the latter requested and directed said beneficiary to use and dispose of the property in accordance with the terms of a certain alleged trust, is wholly foreign to any matter then before the court for determination; and the right of the state to collect an inheritance tax cannot be prejudiced by any finding of the court in such a proceeding.

APPEAL from an order of the Superior Court of San Joaquin County fixing the amount of inheritance tax due. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harding & Monroe for Appellant.

Neumiller & Ditz, Robert A. Waring and James L. Atteridge for Respondents.

FINCH, P. J.—This appeal is from an order fixing the amount of inheritance tax chargeable against the property given by the will of decedent to appellant.

The only part of the will material here is the seventh clause, which reads as follows: "I give, bequeath and devise unto my sister, Myra A. Holt, of Concord, New Hampshire, the other one-third (⅓) share or portion of said rest, remainder and residue of my said property and estate." There is nothing in the will to limit or qualify this clause. The value of the property thus passing to appellant is the sum of $335,502.32.

The petition for probate of the will alleged that decedent, during his lifetime, requested and directed appellant that

the income of such property "should be enjoyed by her during her natural life, and out of said income thereof, she should provide for her sister Anna M. Holt, during the natural life of said sister Anna M. Holt, and upon the death of said Myra A. Holt, said property . . . should go to the children of said Benjamin Holt, deceased, . . . and to the survivor or survivors of them, share and share alike, and said Myra A. Holt, heretofore by an instrument in writing, which is herewith presented to said superior court, has acknowledged and accepted said trust and declared her intention to accept said property and estate impressed and charged with said trust." The acceptance and acknowledgment of the alleged trust, so presented, was executed after the death of decedent. The court found the facts alleged in the petition to be true and admitted the will to probate.

[1] The inheritance tax appraiser in due time filed his report containing two exhibits, the one showing the amount of the inheritance tax due if appellant received the property free of any trust and the other showing the amount of such tax if the property was impressed with a binding trust at the time of the death of decedent. The difference between the respective amounts so estimated is, in round numbers, the sum of $20,000. Appellant filed her objections to the report and alleged that the decedent had requested her to accept the property under the terms of the alleged trust and that she had promised him to do so, and that she had executed the aforesaid acknowledgment and acceptance of such trust. The court overruled appellant's objections and fixed the amount of the inheritance tax irrespective of the alleged trust.

Appellant contends that, by reason of the alleged oral trust, her only beneficial interest in the property is that of a life estate, that the beneficial interest in the remainder is in the decedent's children, and that therefore the tax should be computed separately upon such interests. It is argued that *In re Murphy,* 4 Misc. Rep. 230 [25 N. Y. Supp. 107], and *In re Farley's Estate,* 15 N. Y. St. Rep. 727, directly sustain this contention. On the other hand, the state controller relies on the later decision of *In re Edson,* 38 App. Div. 19 [56 N. Y. Supp. 409], affirmed, 159 N. Y. 568 [54 N. E. 1092]. In addition to the cases cited that of *Cullen* v. *Attorney-General,* L. R. 1 H. L. 190

[144 L. T. Rep. (N. S.) 44], tends to support the con-
troller's position and *People* v. *Schaefer*, 266 Ill. 334
[107 N. E. 617], and *In re Romney's Estate*, 60 Utah,
173 [207 Pac. 139], directly sustain the contention of
appellant. The statute under consideration in *Cullen* v.
*Attorney-General* imposed a tax only upon property passing
by "will or testamentary instrument," while the California
tax is imposed in case of any transfer made in contemplation
of death. The decision, therefore, is not entitled to great
weight as an authority in support of the order appealed
from. While the reasoning of the court in the Illinois case
is persuasive in support of appellant's contention, the ques-
tion of law under consideration need not be decided because
the implied finding against the existence of the alleged oral
trust is justified by the evidence.

The testimony tending to establish the alleged trust is
short and will be given in full. Counsel for the controller
objected to any testimony as to statements made by the tes-
tator, "on the ground that it is incompetent, irrelevant,
and immaterial—what was said. And it is an attempt to
vary the terms of a will in probate." The objection was
overruled and the witnesses testified as follows: C. L.
Neumiller: "Q. Was there anything said by Mr. Holt at
that time about it [the bequest to appellant] ? A. Of course
he discussed the general disposition of his property, and
discussed this share that went to his sister Myra in the will,
to her and her sister Anna during their lives, and at the
death of Myra to go to his children, substantially I think
as the acknowledgment and declaration of trust sets forth.
Q. Was there anything said in regard to the form in which
he was leaving it ? A. No; he was making that bequest
for his sisters during their lives, and at the death of Myra
to go to his children. Q. Was there anything in regard to
the knowledge of this on the part of his sisters? A. Judge
Jones, who drew the will—and, of course, I was present and
Mr. Eccleston was present; at that time why the question
arose of inserting those provisions in the will, that is as to
the trust he was establishing, and at that time he told us
his sister Myra understood that thoroughly, he had discussed
the matter with her. There was Mr. Eccleston, Judge
Jones, myself and Benjamin Holt present." O. H. Eccle-
ston: "Q. What did Mr. Benjamin Holt say at that time, if

anything? A. That he wished that share of his property to go to his sisters Anna and Myra and desired the younger, Myra, to handle the property during their lifetime, and after they had the use of it, it was to go to his children." Mrs. Anna Brown Holt: "I am the wife of Benjamin Holt. Q. Did Benjamin Holt ever converse with you in regard to the bequest which he made to his sister, Myra Holt? A. He always said Myra was to have it, and then when she passed away it was to go to the children. That is the way it was always understood." Myra Holt: "I am a sister of Mr. Benjamin Holt. I am the Myra Holt to whom this legacy was left. I executed the declaration of trust which is on file here in court. Q. Why did you do that? A. I did it because it was my brother's request." The acknowledgment and acceptance of trust was then admitted in evidence. The controller then introduced in evidence the will, the petition for letters testamentary and the order admitting the will to probate.

If there was not a valid existent trust at the moment of decedent's death, then the acknowledgment and acceptance executed by the appellant could amount to no more than a voluntary transfer by her to decedent's children and could not affect the amount of inheritance tax due the state. (*Estate of Rossi,* 169 Cal. 148 [146 Pac. 430].) Appellant cites 39 Cyc. 177, as follows: "Where a testator or ancestor makes known to his devisee, legatee, or heir his desire that his property shall be disposed of in a particular manner, and that he relies upon him to carry his desire into effect, and such devisee, legatee or heir uses words, or does acts, calculated to cause, and which he knows do in fact cause, the testator or ancestor to believe that he fully assents thereto, and, where in consequence thereof, the testator or ancestor makes, or omits to make a will or such particular disposition of his property in his lifetime as will carry out his desire, a constructive trust is created." The rule thus stated is in effect that, if the testator, in the disposition of his property, has acted or refrained from acting in reliance upon the promise of the devisee or legatee, express or implied, to hold the property in trust, the trust will be binding upon such devisee or legatee. "While a testator may make a gift to a legatee solely for the purpose of enabling him, if he sees fit, to dispose of it in a particular

way, still, if there is no promise by him, either express or implied, to so dispose of it, and the matter is left wholly to his will and discretion, no secret trust is created, and he may, if he chooses, apply the legacy to his own use." (*Amherst College* v. *Ritch*, 151 N. Y. 283 [37 L. R. A. 305, 45 N. E. 876]; *O'Donnell* v. *Murphy*, 17 Cal. App. 625 [120 Pac. 1076].) Counsel for appellant recognized the necessity of showing such a promise by alleging, in the objections filed to the report of the inheritance tax appraiser, that "the said Benjamin Holt asked the said Myra A. Holt if she would accept the said bequest under the terms as above stated, and the said Myra A. Holt accepted the said trust and told him that she would hold the property under the terms first above set forth." The evidence, however, is singularly silent upon the issue thus tendered. There is no evidence that appellant even knew, during the lifetime of decedent, that her brother intended to create the alleged trust. [2] The declarations of the testator, not made in the presence of appellant, or communicated to her during his lifetime, were not admissible to prove such knowledge on her part. Evidence of such declarations is not competent proof of past events, being mere hearsay. (*Estate of Carson*, 184 Cal. 437, 445 [17 A. L. R. 239, 194 Pac. 5].) Appellant did not testify that she had such knowledge prior to her brother's death. Her statement that she executed the acknowledgment and acceptance of the alleged trust "because it was my brother's request" is not inconsistent with the assumption that she may have acquired knowledge of such request, for the first time, after her brother's death. It is not unreasonable to assume that if she had made the alleged promise to her brother she would have positively so stated in her testimony. [3] In the order admitting the will to probate, introduced by the controller, the court found that the decedent, during his lifetime, requested and directed appellant to use and dispose of the property in accordance with the terms of the alleged trust. There was no finding therein, however, that appellant, expressly or impliedly, by conduct or otherwise, promised to comply with such request and direction. Furthermore, the rights of devisees, legatees, heirs, and other claimants are not to be determined in a proceeding for the probate of a will. (28 R. C. L. 377.) Certainly the right of the state to collect

an inheritance tax cannot be prejudiced by any finding of the court in such a proceeding. The finding relative to the alleged trust is wholly foreign to any matter then before the court for determination. The order, therefore, is not competent evidence that the decedent requested appellant to hold and dispose of the property in accordance with the terms of the alleged trust and a court is not required to base a finding on incompetent evidence. (*Hutchings* v. *Castle*, 48 Cal. 152.) If it can be said that the evidence possibly is such that either of two opposite conclusions might be drawn therefrom, it certainly cannot be held that it is so conclusive in favor of appellant's contention as to require a finding in her favor. The admissions of appellant, made after her brother's death, may be sufficient to establish the alleged trust as against her, but they can be given no weight in her favor as against the state. Independent of such admissions the evidence in support of the trust is exceedingly slight.

The order is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1923.