[Civ. No. 14411. Second Dist., Div. One. Oct. 6, 1944.]

Estate of MARY REED J. BEVILLE, Deceased. EDWIN A. MESERVE as Executor, etc. et al., Cross-Appellants, v. HARRY B. RILEY, as State Controller, etc., Appellant.

Raymond G. LaNoue, Inheritance Tax Attorney, Donald R. Peck, Deputy Inheritance Tax Attorney, and Morton L. Barker, Assistant Inheritance Tax Attorney, for Appellant.

Meserve, Mumper & Hughes and Roy L. Herndon for Respondents.

WHITE, J.—The State Controller has appealed from an order of the probate court fixing the amount of inheritance taxes due the State of California from the Estate of Mary Reed J. Beville, Deceased, and from the distributees of said estate. The executor of said decedent's will has joined with the heirs at law of the decedent in taking a cross-appeal from the same order.

In the court below the facts were presented by stipulation and both appeals are before us upon an agreed statement of facts. Thus, the only issues raised by these appeals are questions of law.

The agreed facts may be thus epitomized: Omitting the provisions for five specific bequests and other provisions not here pertinent contained in the holographic will of Mary Reed J. Beville, the testamentary document reads as follows:

"This is my last will and testament. I hereby revoke all previous wills.

"I hereby devise and bequeath as follows:—

"It is my wish that my estate be given to charity with the exception of these mentioned hereinbelow. . . . (Here follow the provisions for specific bequests which are omitted).

". . . It is my wish that my estate go where needed. I suggest Midnight Mission of Los Angeles St. Los Angeles and to Salvation Army of Los Angeles, divided equally—

"I appoint Edwin A. Meserve of Los Angeles, Cal. before mentioned to serve as my Executor—It is my express wish that he or they serve without Bond—"

After appropriate proceedings, the will was duly admitted to probate, and letters testamentary were issued to Mr. Meserve.

Thereafter, respondents and cross-appellants Caroline J. Hartwell, Joseph Patterson and Robert Patterson Marshall, to whom we shall hereinafter refer as "the heirs at law," filed in the probate proceedings their petition to determine heirship and rights to distribution pursuant to the provisions of sections 1080 et seq. of the Probate Code. By their petition, the heirs at law alleged that they were the sole heirs of the decedent; that the will of said decedent had failed to make any valid or effective disposition of the residual estate because of indefiniteness of the provisions applicable to the residual portion of said estate; and that accordingly the petitioning heirs at law were entitled to distribution of the residual portion of the estate.

In opposition to the petition to determine heirship, answers were filed by Midnight Mission and The Salvation Army, each of which is a charitable, nonprofit corporation, duly organized and existing under the laws of the State of California, and which institutions will hereinafter be referred to as "the charities." By their answers, the charities alleged that the will of said decedent was, in all respects, valid, and effectually disposed of the residual estate by reason whereof each of said charities was entitled to distribution of one-half of the residue of the estate.

With the issues thus joined, the heirship proceedings came on for hearing in the probate court. At the conclusion of such hearing, the court made findings reading in part as follows:

"That the testatrix, Mary Reed J. Beville, did not intend to, and did not by her last will, devise or bequeath the resi-

due or any part of her estate to respondent The Salvation Army or to respondent Midnight Mission.

"That said testatrix intended that some person should determine where the residue of her estate was needed and select the charitable beneficiaries thereof. That it cannot be ascertained who was intended by the testatrix to have the power of determination and selection. That the testatrix wrote her will under either (1) the belief that, without any direction from her to that effect, the executor would have authority to devote the residue of her estate to such charitable purposes as in his judgment he might deem proper, or (2) the belief that the judge of the probate court might select charitable beneficiaries and order distribution accordingly. That it cannot be ascertained which of these two mistaken beliefs was in the mind of the testatrix at the time her will was written.

"That testatrix used the word 'suggest' in its ordinary and grammatical sense, that is to say, in a sense neither precatory nor mandatory. That in using the word 'suggest' the testatrix intended to indicate that some one, in the exercise of his own judgment, should select the beneficiaries of her estate, and, not wishing to restrict that person's judgment or to direct whether the distribution should be to one, several or many objects, she intended, by the use of said word, merely to call to said person's attention, and to propose for consideration, the two institutions named. That the testatrix did not intend, by the language of her will, to indicate that she, herself, would have preferred respondents to any other charitable institutions or purposes after a careful consideration of the relative needs and merits of any list of charities which might have been brought to her attention."

Based upon the foregoing and other findings, a decree was entered, from which we quote the following essential provisions:

"(1) That the last will and testament of Mary Reed J. Beville, decedent above named, fails to make any valid or effective disposition of the residue of her estate, and that, except to the extent that said decedent disposed of her estate by the specific devises and bequests in said will contained, said decedent died intestate.

"(2) That petitioners Caroline J. Hartwell, Joseph Patterson and Robert Patterson Marshall are the sole heirs of said decedent, and are entitled to distribution of the residue of

said estate which shall remain for distribution after the satisfaction of the specific devises and bequests contained in said will and after the payment of claims, charges and expenses of administration; that is to say, said petitioners are entitled to distribution of the residue of said estate in the following proportions: To petitioner Caroline J. Hartwell, one-half; to petitioner Joseph Patterson, one-fourth; and to petitioner Robert Patterson Marshall, one-fourth.

"(3) That neither the respondent Midnight Mission nor the respondent The Salvation Army is entitled to distribution of any part of said estate."

From the foregoing decree, the charities appealed to the Supreme Court of this state. The appeal was subsequently transferred to this division of the District Court of Appeal. During the pendency of such appeal, and prior to its submission for decision, the charities and the heirs at law entered into a compromise agreement, whereby they settled the controversy involved in the then pending appeal.

By the terms of said compromise agreement, it was provided that certain real and personal property in the estate should be distributed to the charities. There was then presented to this court a "Stipulation Compromising Appeal Whereby Order and Decree Appealed From Is Modified and As Modified Affirmed." Attached to such stipulation was a copy of the hereinbefore mentioned compromise agreement entered into between the heirs at law and the charities. The stipulation presented to this court provided that the provisions of the decree from which the appeal was taken, and which provisions we have hereinbefore quoted, be deleted therefrom; and that there be substituted in lieu of said paragraphs so deleted the following:

"(1) That notwithstanding any other provision herein, and in accordance with the written stipulation of the parties hereto, dated April 27, 1943, IT IS HEREBY ORDERED that each of the following, to-wit, the Midnight Mission, a corporation, and The Salvation Army, a corporation, is entitled to distribution of an undivided one-half ($\frac{1}{2}$) interest in and to those five (5) certain parcels of real property situated in the County of Los Angeles, State of California, and more particularly described as follows: (Here follows a description of the real and personal property to be distributed to Midnight Mission, a corporation, and The Salvation Army, a corporation) . . . .

"(2) That petitioners Caroline J. Hartwell, Joseph Patterson and Robert Patterson Marshall are the sole heirs of said decedent and are entitled to distribution of the residue of said estate which shall remain for distribution, (1) after distribution to the Midnight Mission, a corporation, and The Salvation Army, a corporation, of those certain parcels of real property and those respective one-fourth (1/4) interests in those certain items of securities and personal property hereinabove referred to as being those certain parcels of real property and those fractional interests in certain items of personal property, to the distribution of which said Midnight Mission and said Salvation Army are entitled; (2) after the satisfaction of the specific devises and bequests contained in said will; (3) and after the payment of claims, charges and expenses of administration; that is to say, said petitioners are entitled to distribution of the thus determined residue of said estate in the following proportions: To petitioner Caroline J. Hartwell, one-half; to petitioner Joseph Pattrson, one-fourth; and to Robert Patterson Marshall, one-fourth."

Said stipulation further provides as follows:

"IT IS FURTHER HEREBY STIPULATED that said Decree Determining Heirship and Rights to Distribution of Estate, as modified by the terms hereof, shall be affirmed by the said District Court of Appeal.

"IT IS FURTHER HEREBY STIPULATED that the District Court of Appeal, Second Appellate District, Division 1, State of California, order that a remittitur be issued and returned to the Superior Court of the State of California, in and for the County of Los Angeles, forthwith, affirming said Decree Determining Heirship and Rights to Distribution of Estate, as modified by the terms hereof, without costs to either party.

"IT IS FURTHER HEREBY STIPULATED that said Decree as modified in accordance with the terms hereof shall be final and conclusive, and shall not be subject to further review."

Upon the filing of the foregoing stipulation and pursuant thereto, this court entered its judgment modifying and affirming the decree in accordance with the provisions of the stipulation.

Upon the going down of the remittitur, the inheritance tax appraiser reported to the probate court that there was an in-

heritance tax due from the heirs on the entire value of the residuary estate. In computing the inheritance tax, the inheritance tax appraiser did not take into account the property distributed to the charities pursuant to the compromise agreement and the judgment of this court affirming as modified the decree determining heirship. The report of the inheritance tax appraiser, as filed in the probate proceeding, fixed the total amount of the inheritance tax at $9,362.94.

To the report of the inheritance tax appraiser, the executor and the heirs at law filed written objections, by which it was contended that, under the terms of the decree determining heirship, as modified and affirmed on appeal, the charities were entitled to distribution of property of the estate of the appraised value of $44,385.47, and which amount was exempt from inheritance tax because the distributees were charitable institutions. In other words, the executor and heirs at law contended that they should not be taxed for the value of the property that was distributed to the charities and that the correct and proper tax against them should be in the sum of $6,580.13.

Upon the hearing of these objections, the probate court concluded that the property of the appraised value of $44,385.47 distributed to the charities was exempt from inheritance tax. Upon this basis of computation, the probate court determined the correct tax to be $6,580.13 and entered its order fixing the tax in accordance with such determination.

The appeals now before this court are from the last mentioned order.

It is well settled by law that an inheritance tax is levied upon each share of the decedent's estate which is by him bequeathed to a legatee or which such person inherits from any one who dies intestate. It therefore follows in the instant case that the entire residuary estate should be assessed to the charities if the provisions of the will in their favor are held to be valid, and, if such provisions of the will are invalid, then the entire residuary estate should be assessed to the heirs at law, because, if the bequest to the charities be invalid, then the heirs at law became the owners of the residual estate upon the death of the testatrix.

The law is equally well settled that an agreement among the heirs or beneficiaries under a will cannot and does not change the basis upon which the tax is to be computed.

(*Estate of Rossi*, 169 Cal. 148. [146 P. 430] ; *Estate of Holt,* 61 Cal.App. 464 [215 P. 124].) And the same rule applies to those who take by operation of law because of intestacy.

The record herein discloses, as heretofore indicated, that a decree was entered by the court below declaring the provisions of the will affecting the bequest to the charities to be invalid, and that by reason of such invalidity the heirs at law succeeded to and were entitled to receive the residuary estate. An appeal was taken and upon stipulation the decree of the court was affirmed as modified.

Therefore, the question presented for determination by us is what effect, if any, the judgment of this court in the aforesaid appeal had on that part of the superior court's decree which adjudged the purported bequest to the charities ineffective. If the decree of the superior court declaring the bequest to the charities invalid remained undisturbed after the judgment of this court then the order from which the instant appeal was taken must be reversed, because if such provisions are invalid the effect thereof is simply that as to her residuary estate the testatrix died intestate. And as heretofore pointed out, title to the property attempted to be devised to the charities vested in the heirs at law of the decedent at the moment of her death. What such heirs might choose to do with the estate in whole or in part by way of compromise with the charities could not affect the right of the state to the inheritance tax, which also vested upon the death of the testatrix. In such a situation, the action of the heirs at law was a mere voluntary conveyance or transfer of property to which they were entitled by reason of the intestacy of the testatrix insofar as their portion of the estate was concerned. If the decree of the court as modified on appeal invalidated the provisions of the will affecting the charities and thereby conferred certain rights of inheritance upon the heirs at law, the latter, it is true, might waive or relinquish such rights, but in so doing they cannot affect the rights of third parties—in this instance the State of California—which was not a party to the probate proceedings.

As we read the judgment of this court affirming the decree of the probate court as modified, it did not reverse that portion of the decree which held the provisions of the will in favor of the charities invalid. It merely provided for "distribution" of a portion of the estate to the charities, not because of the validity of the pertinent provisions of the will,

but only "in accordance with the stipulation"; and which stipulation provided not that the charities were entitled to take under the will, but only that because of "the desire of all parties hereto *to compromise and forever settle* the controversy involved in the said appeal" that the charities were "entitled to distribution" of certain real and personal property. In fact the decree as modified specifically provided "that petitioners Caroline J. Hartwell, Joseph Patterson and Robert Patterson Marshall are the sole heirs of said decedent and are entitled to distribution of the residue of said estate which shall remain for distribution after distribution to" the charities. In other words, that part of the judgment which declared invalid the attempt of the testatrix to dispose of her residuary estate remained in full force and effect from the date of its original rendition or entry. The compromise agreement between the charities and the heirs at law could not in any way affect the inheritance tax, and the remittitur of this court did nothing more than authorize the "distribution" of certain property pursuant to the compromise agreement entered into by the parties.

As we read the compromise agreement between the parties and the "Stipulation Compromising Appeal Whereby Order and Decree Appealed From Is Modified and as Modified Affirmed," we are impressed that at no place therein do the heirs at law, who had obtained a favorable decree in the probate court, acknowledge the right of the charities to take anything under the will or that the provisions of the will affecting the charities were valid. In the aforesaid documents the heirs at law, in order to settle the adverse claims of the charities entered into a compromise with them, under the terms of which the decision rendered by the probate court in favor of the former was not reversed, but by reason of which compromise agreement a certain portion of the property belonging to the heirs at law under the probate court's decision might be distributed to the charities. We cannot hold that the judgment of the court affirming as modified the decree of the probate court amounted to a holding that the bequests to the charities were valid, because to do so would be tantamount to holding that the charities were entitled to all of the residual estate. We therefore hold that the decree in the heirship proceedings determining that the bequests to the charities were invalid was not reversed nor affected (except to the ex-

tent of modifying the same) by providing that the heirs at law might give to the charities, out of the residual portion of the estate awarded to them, certain properties pursuant to the compromise agreement entered into between the parties involved.

The order appealed from is reversed and the cause remanded with directions to the court below to overrule the objections and to fix the inheritance tax in accordance with the report of the inheritance tax appraiser.

York, P. J., and Doran, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 4, 1944. Curtis, J., Carter, J., and Schauer, J., voted for a hearing.