[Civ. No. 13411.　First Dist., Div. One.　June 21, 1947.]

Estate of KATHERINE A. McGIVERN, Deceased. BLOS-
　　SOM MARTIN, Appellant, v. BANK OF AMERICA
　　NATIONAL TRUST & SAVINGS ASSOCIATION et al.,
　　Respondents.

Walter H. Hewicker for Appellant.

Thos. J. Riordan and Eugene H. O'Donnell for Respondents.

PETERS, P. J.—The appellant, the niece of decedent, and the person who would succeed to testatrix' estate had she died intestate, appeals from that portion of the decree of distribution holding that the residue of the estate should be distributed to the Reverend Thomas Byrne. The sole question presented on this appeal relates to the proper interpretation of that portion of the will disposing of the residuary estate.

The witnessed will, drafted by an attorney, was executed June 15, 1935. The decedent died November 27, 1943, as the result of an automobile accident. She left no spouse or children. By her will she provided that if a designated half sister should survive her, the entire estate should be held in trust for that half sister to pay a certain sum to her for life; that upon the death of the half sister the trust should terminate and certain specific legacies should be paid; that the residue and remainder of the estate should then be paid to the Reverend Thomas Byrne. The will provided: "It is my desire that said property so devised and bequeathed to said Reverend Thomas Byrne shall be disposed of by him in accordance with my wishes heretofore expressed to him, although by expressing this desire it is not my intention to create any trust covering any of said property." It was then provided that if the half sister should predecease the testatrix, which she did, that "I hereby devise and bequeath my estate as follows:" Here follows a list of specific legacies, and then: "To said Reverend Thomas Byrne the whole of the remainder and residue of my estate, to be disposed of by him in accordance with my said wishes heretofore expressed to him. It is not my desire to create a trust in Father Byrne."

It is this last quoted clause that is involved on this appeal. The trial court ruled that by this clause the residue of the estate should be distributed to Father Byrne, and it is from that ruling that this appeal is taken.

The evidence shows, without conflict, that the will was executed just before the testatrix left for an extended trip, and that neither before nor after the execution of the will, did she express to Father Byrne her desires as to the disposition of the residue of her estate. Appellant contends that the bequest to Father Byrne failed, as a matter of law, because, so it is asserted, the will shows that he was not to take absolutely, but only to take so that the property could be "disposed" of by him in accordance with the wishes of decedent. It is claimed that, because the wishes of decedent

were never conveyed to the residuary legatee, decedent must be deemed to have died intestate as to the residue of her estate, and the appellant takes. The contention is without merit.

The validity of the will has heretofore been established. In prior litigation appellant, who is not mentioned in any portion of the will, contested its probate on the grounds that decedent lacked testamentary capacity, and that Father Byrne was guilty of undue influence. She was nonsuited on the undue influence issue, and a jury decided against her on the capacity count. These determinations were affirmed on appeal. (*Estate of McGivern*, 74 Cal.App.2d 150 [168 P.2d 232].)

In reading the clause of the will here involved three things are immediately apparent: (1) The residue of the estate was devised and bequeathed to Father Byrne; (2) Father Byrne was to ''dispose'' of the estate in accordance with the wishes of the testatrix; and (3) as clearly as words can express the thought, the testatrix provided that it was not her intent to create a trust in Father Byrne. This last thought was expressed not once, but twice. It is of decisive importance in interpreting the entire clause in question.

In most cases involving factual situations somewhat similar to the one here involved the real question is whether a trust or an absolute gift was intended. This type of problem was discussed by this court in the recent case of *Estate of Feldman*, 78 Cal.App.2d 778 [178 P.2d 498]. Of course, if a trust was intended, but the objects or subjects of the trust are uncertain, the gift fails, and in some cases the heirs or next of kin are let into the beneficial ownership of the property. (See *Estate of Ralston*, 1 Cal.2d 724 [37 P.2d 76].) It is apparently this rule that appellant seeks to invoke here. While, if the portion of the clause designated ''3'' above had been omitted, it could be argued that an imperfect trust had been created, with that portion of the clause included, there is just no room for plausible argument. The testatrix has stated that even if she had expressed her wishes to Father Byrne, no trust was intended. *A fortiori*, therefore, an absolute gift was made.

It is most difficult to ascertain the theory upon which appellant seeks to upset the holding that Father Byrne takes absolutely. She cites but one case in her opening brief— *Estate of Sloan*, 7 Cal.App.2d 319 [46 P.2d 1007]—and has not filed a reply brief. That case is obviously not in point. There the will directed that upon the termination of a trust

the trust fund "shall go to, belong to, vest in and be distributed by a court of competent jurisdiction to the heirs of said William Wilson Sloan 3rd as per his last will and testament." (P. 321.) The court held that such a clause constituted an absolute direction, and that the donee of the power could not so exercise it so as to will the property to one heir to the exclusion of others. Obviously, the case has no application where the testatrix has expressed her intent that there be no trust.

Even had the testatrix failed expressly to declare her intent not to create a trust, it is extremely doubtful whether the statement that Father Byrne was to dispose of the residue in accordance with the wishes of the testatrix would create a trust. In *Estate of Mallon,* 34 Cal.App.2d 147 [93 P.2d 245], the testatrix bequeathed certain property to "my sister, Mary A. Mallon, who will care for Mary L. Barrett until death shall separate them." (P. 150.) The appellate court designated that language as "a mere recital of the testator's expectation." (P. 152.) The court also stated (p. 151): "While the desire of a testator for the disposition of his estate will be construed as a command when addressed to his executor, it will not, when addressed to his legatee, be construed as a limitation upon the estate or interest which he has given to him in absolute terms." *Estate of Farelly,* 214 Cal. 199 [4 P.2d 948], is also applicable. There the testatrix willed certain property to two nieces ". . . share and share alike. If said residue shall not exceed one-third of my estate I direct that the same shall be expended for charitable or philanthropic purposes and in accordance with my views as expressed. If such residue shall exceed one-third of my estate, I direct that said one-third of my estate shall be expended as in this item provided, and the excess thereof shall be expended by them as I may suggest to them hereafter." (P. 200.) The testatrix wrote a letter containing her instructions, but also stated that "The above charitable purposes are only suggestions on my part. After investigation and advising with Maude T. Pesante and others who may be competent to advise with you, you may find a better use for each or all of these properties, but you know my general desire in the matter and I leave it to your good judgment." (P. 201.) The trial court held that the devise was an absolute one, and that finding was affirmed. In so holding the Supreme Court stated that the evidence was consistent "with the conclusion

that no trust was intended, that an obligation was likewise not intended and that the decedent left performance to the good faith of the legatees without interference on the part of a court of equity.'' (P. 206.)

It is true, of course, that in the instant case, unlike the Farelly case, no instructions were ever conveyed to Father Byrne by the testatrix. But that fact can be of no avail to appellant. Since, under the Farelly case, Father Byrne might have taken absolutely even if instructions had been given, the failure to instruct cannot alter his status as an absolute legatee. (See 1 Scott on Trusts, p. 313, § 55.5; *Estate of Holt,* 61 Cal.App. 464 [215 P. 124]; *O'Donnell* v. *Murphy,* 17 Cal. App. 625 [120 P. 1076].)

Whatever the rule may be where the testatrix has failed to express her intent on the subject, there can be little doubt, where the testatrix has expressly declared her intent not to create a trust, that the legatee takes absolutely. In *Cooke* v. *King* 154 Ore. 621 [61 P.2d 429] (petition for rehearing denied 62 P.2d 20), the husband and wife executed a mutual will. The document contained an expression of ''hope'' that the devisees would ''dispose of and handle'' the property in accordance with the testator's and testatrix' intentions, but the will also contained an express disclaimer of an intent not to create a trust. The court stated: ''The great weight of authority is to the effect that where the testator uses words disclaiming an intention to create a trust, no trust will be implied from the inclusion of precatory or recommendatory language.'' (P. 434 [61 P.2d].)

Although not very clearly expressed, it must be appellant's position that intestacy resulted because the testatrix attempted to create a trust, which attempt was abortive because of the failure of the testatrix to inform Father Byrne of her ''wishes.'' This contention must fail because here the intent not to create a trust was expressed. Father Byrne, therefore, took an absolute gift.

The portion of the decree of distribution appealed from is affirmed.

Ward, J., concurred.

Mr. Justice Bray being disqualified has not participated in this decision.