[Civ. No. 50538. Second Dist., Div. Three. July 29, 1977.]

Estate of MARY I. WALSH, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent, v.
RUTH E. WALSH, as Co-administratrix with the Will Annexed,
etc., et al., Objectors and Appellants.

**COUNSEL**

Bernard A. Leckie for Objectors and Appellants.

Myron Siedorf, Margaret Groscup and Bettina A. Bate for Petitioner and Respondent.

**OPINION**

**COBEY, J.**—Ruth E. Walsh and Vincent J. Walsh, as co-administrators with the will annexed of the estate of Mary I. Walsh, appeal from a minute order fixing the inheritance tax payable by the estate.

In the minute order the trial court overruled appellants' two objections to the tax as proposed by the inheritance tax referee. The first of these was that in computing the tax, the referee, contrary to Revenue and Taxation Code, section 13409,[1] did not give effect to certain disclaimers filed by four beneficiaries of the will of the decedent. The second of these was that the reduction in the deduction allowed for payment of administrator's commissions was unwarranted. We disagree and will therefore affirm.

## DISCUSSION

■ The question posed by the first objection is whether, when distribution of interests in an estate of a decedent is made pursuant to a will contest settlement rather than pursuant to filed disclaimers, the disclaimers should be disregarded in computing the inheritance tax payable by the estate. We believe that they should be. The transfers of interests in the estate of this decedent that are subjected to taxation have not been made pursuant to the disclaimers. If they had been, such interests would have been distributed "as if the beneficiary disclaiming had predeceased the person creating the interest." (Prob. Code, § 190.6.) That person in this case was the decedent.[2] Accordingly, the aforementioned section 13409, giving full tax effect to the disclaimers, does not apply in this case. (See *Estate of Cooke,* 57 Cal.App.3d 595, 599 [129 Cal.Rptr. 354].) Instead the state Controller's regulation 13409, subdivision (b) (Cal. Admin. Code, tit. 18, p. 660.4), applies in pertinent part.[3] This means that the settlement agreement is disregarded in computing the inheritance tax due from the estate. Stated otherwise, the tax is

[1]This section reads: "Transfers of any interest in real or personal property and all rights and powers relating to the same which have been duly disclaimed pursuant to the provisions of Chapter 11 (commencing with Section 190) of Division 1 of the Probate Code or in any other valid manner, shall be subject to the inheritance tax only if, and to the same extent and in the same manner as, the same would have been subject to such tax if such interest, rights and powers had been originally created in favor of and transferred to the same persons and in the same shares in which they are effectively distributed or otherwise disposed of, after giving full effect to such disclaimers pursuant to the governing instrument, if any, and Chapter 11 (commencing with Section 190) of Division 1 of the Probate Code and all other applicable law."

The decedent died after the effective date of the section (Aug. 16, 1972).

[2]Only one disclaimer, that of Ruth E. Walsh, individually, expressly indicates that the disclaimer and her acceptance of distribution pursuant to the will contest settlement are tied together, but the other three disclaimers apparently were executed and filed on the same understanding.

[3]This portion of the regulation reads: "If a transferee under a will . . . enters into an agreement with other beneficiaries, heirs or transferees, providing that the interest to which he would otherwise be entitled shall pass to a person or persons who would not otherwise succeed to such interest except under provisions of the agreement, the . . . agreement by the transferee shall be disregarded in computing the inheritance tax due."

computed as if distribution had been made pursuant to the terms of the will of the decedent. (See *Cohn* v. *Cohn,* 20 Cal.2d 65, 68-69 [123 P.2d 833].)

■ The second objection is equally without merit. The will contest settlement evidently includes as one of its terms that only one-half of the statutory administrator's commissions will be paid and that that one-half will go to the aforementioned appellant, Ruth E. Walsh. While ordinarily statutory commissions paid personal representatives are deductible in full (see Rev. & Tax. Code, § 13988, subd. (a)), section 13981 of the same Code provides that no deduction is allowable "that does not actually reduce the amount of an inheritance or transfer." In this case the transfers taxed are reduced only by the one-half of the statutory administrator's commissions that were actually paid. Consequently only that amount is deductible.

### DISPOSITION

The minute order under appeal is affirmed.

Allport, Acting P. J., and Potter, J., concurred.