[No. B010028. Second Dist., Div. Five. Aug. 20, 1985.]

Estate of ALMA S. TIMMONS, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent, v.
PAULA R. AKIN, Objector and Appellant.

## COUNSEL

Ball, Hunt, Hart, Brown & Baerwitz, Katherine F. Foulk, Herman M. Hitt and Paul R. Pearlson for Objector and Appellant.

Myron Siedorf, Phyllis K. Fairbanks and John H. Van Veen for Petitioner and Respondent.

## OPINION

**EAGLESON, J.**—██ In this case we hold that the full appraised value of real property is subject to inheritance taxation even though, as the result of a good faith settlement of a will contest, a distributee named in the decedent's will received a cash substitute for the real property substantially less than its appraised value.

### FACTS

After Alma Timmons died on February 22, 1982,[1] appellant filed a petition for admission of her 1981 will to probate. Pursuant thereto appellant was bequeathed decedent's community property interest in certain real property along with a portion of decedent's personal property.

Contestant, decedent's husband by a second marriage, filed a will contest claiming that decedent was under undue influence and not of sound mind when she executed the 1981 will. He contended that a 1974 will which left him all of the decedent's estate, including the subject real property, should be admitted to probate.

After extensive pretrial discovery and negotiations, the will contest was eventually settled in good faith. By its terms, the settlement agreement provided:

---

[1]The initiative measure of June 8, 1982, Statutes 1982, chapter 1535, section 14, page 5974 repealed the majority of the preexisting inheritance tax statutes as to decedents dying on or after that date. The statutes we refer to herein apply to the estate of the decedent because she passed away on February 22, 1982.

1. That the estate transfer the real property to the contestant in consideration for the payment by him of $235,000 cash to the estate to be distributed to appellant in lieu of the real property.

2. That the will contest be dismissed.

3. That the 1981 will be admitted to probate.

The settlement agreement did not make any provision for the payment of inheritance taxes.

The report of the inheritance tax referee appraised the decedent's interest in the real property at $400,000, and computed appellant's tax based upon the full value of the property bequeathed to appellant in the 1981 will, even though appellant actually received only $235,000 under the terms of the settlement.

Appellant objected to the referee's report and tax assessment because it was based upon the full value of the real property.[2] The trial court overruled appellant's objections to the report of the referee on November 2, 1983, and this appeal from that order followed. We affirm.

## DISCUSSION

■ Appellate courts have consistently held that the state's right to tax inheritances under the law in effect on the decedent's death vests as of that date, and cannot be divested by subsequent act of the Legislature itself (*Estate of Stanford* (1899) 126 Cal. 112 [58 P. 462]); by the conduct of those entitled to inherit under decedent's will or by intestate succession by the act of renunciation; or by agreements among themselves in the settlement of disputes which did not proceed to judgment on the merits. (*Estate of Rossi* (1915) 169 Cal.148 [146 P. 430], citing *Estate of Stanford, supra; Estate of Holt* (1923) 61 Cal.App. 464 [215 P. 124]; *Kelso* v. *Sargent* (1936) 11 Cal.App.2d 170 [54 P.2d 26]; *Cohn* v. *Cohn* (1942) 20 Cal.2d 65 [123 P.2d 833]; *Estate of Beville* (1944) 66 Cal.App.2d 271 [152 P.2d 229]; *Estate of Desmond* (1973) 34 Cal.App.3d 139 [109 Cal.Rptr. 50]; *Estate of Cooke* (1976) 57 Cal.App.3d 595 [129 Cal.Rptr. 354].)

"Every [inheritance] tax imposed by this part is due and payable at the date of the transferor's death." (Rev. & Tax. Code, § 14102 (enacted Stats. 1943, ch. 658).)[3]

---

[2]Appellant does not contend that the appraisal was erroneous.

[3]All section references are to the Revenue and Taxation Code unless noted otherwise.

The long-established rule that inheritance taxes are to be computed without regard to distribution pursuant to the settlement of a will contest was first codified into section 13409.[4] (Stats. 1943, ch. 658.)

Section 13409 was repealed (Stats. 1972, ch. 990) and then immediately reenacted as follows: "Transfers of any interest in real or personal property and all rights and powers relating to the same which have been duly *disclaimed* pursuant to the provisions of Chapter 11 (commencing with section 190) of Division 1 of the Probate Code or in any other valid manner, shall be subject to the inheritance tax only if, and to the same extent and in the same manner as, the same would have been subject to such tax if the interest, rights, and powers had been originally created in favor of and transferred to the same persons and in the same shares in which they are effectively distributed or otherwise disposed of, after giving full effect to such disclaimers pursuant to the governing instrument, if any, and Chapter 11 (commencing with Section 190) of Division 1 of the Probate Code and all other applicable law." (Italics added.)[5]

Chapter 990 of the 1972 Statutes, which, inter alia, repealed section 13409 and then reenacted that same section, dealt exclusively with the subject of disclaimers. Section 6 of that act stated that it was an urgency statute, and recited facts constituting the necessity to be: "There is a question in the application of state law in the area of disclaimers, which is not in conformity with federal law in relation to the taxation of disclaimers. The immediate effectiveness of this act will establish conformity, and will allow estate planning to proceed without confusion and possible litigation. In order to avoid this confusion and possible litigation and to reestablish certainty in the law, it is necessary that this act go into immediate effect."[6]

The subject of inheritance taxation following an agreement for distribution otherwise than as provided in the will, found in repealed section 13409, was omitted in its reenactment.

---

[4]Prior to 1972, section 13409 read: "If a transferee under a will renounces his rights under the will, or any part thereof, or agrees that the estate, or any part of it, shall be distributed otherwise than as provided in the will, the tax is nevertheless computed in accordance with the terms of the will admitted to probate. If an heir waives or renounces his interest in the estate, or enters into an agreement that the property to which he is entitled shall be distributed otherwise than in accordance with the laws of succession, the tax is nevertheless computed as if he had not so waived or renounced."

[5]This section and all others referenced herein were in effect as of the date of decedent's death.

[6]"'Disclaimer' means any writing which declines, refuses, renounces or disclaims any interest that would otherwise be taken by a beneficiary." (Prob. Code, § 265.)

Probate Code section 265, enacted in 1983, continues subdivision (c) of former Probate Code section 190, in effect as of the date of decedent's death.

Appellant does not contend that settlement of the will contest was, functionally speaking, a disclaimer; and of course it was not because there was bargained-for consideration between the parties.

However, on April 13, 1973, the state Controller filed regulation 13409(a) as California Administrative Code, title 18, section 13409(a), California Administrative Register 73, No. 15.[7]

Subdivisions (a)(1) and (a)(2) dealt only with disclaimers.

Subdivision (b), inter alia, dealt with agreements by transferees or heirs and provides in pertinent part: ". . . or if such person enters into an agreement with other beneficiaries, heirs, or transferees providing that the interest to which he would otherwise be entitled shall pass to a person or persons who would not otherwise succeed to such interest except under provisions of the agreement, the transfer, assignment or agreement by the transferee shall be disregarded in computing the inheritance tax due." This regulation was renumbered as section 13409.1 on September 23, 1978 (Cal. Admin. Code, tit. 18, § 13409.1, Cal. Admin. Register 78, No. 38B), and as so renumbered, was in effect on the date of the decedent's death.

■ In *Estate of Walsh* (1977) 72 Cal.App.3d 895 [140 Cal.Rptr. 462], the court, relying on the above-quoted regulation, *Estate of Cooke, supra,* 57 Cal.App.3d 595 and *Cohn* v. *Cohn, supra,* 20 Cal.2d 65, held that a settlement agreement is to be disregarded in computing the inheritance tax. "[T]he tax is to be computed as if distribution had been made pursuant to the terms of the will of the decedent." (*Estate of Walsh, supra,* 72 Cal.App.3d at pp. 897-898.)

Nevertheless, appellant argues that it is well settled under the law that where the Legislature omits a particular statutory provision in a later enactment of the same statute, "such deliberate omission indicates a different [legislative] intention which may not be supplanted in the process of judicial construction." (*Kaiser Steel Corp.* v. *Solano County* (1979) 90 Cal.App.3d 662, 667 [153 Cal.Rptr. 546].)[8]

She continues that "[t]he only rational explanation for the changes is that the legislature meant to shift the inheritance tax burden to those who actually

---

[7]The Controller is empowered to make regulations relating to inheritance taxes. (Rev. & Tax. Code, § 14740.) A court has the power to inquire into the legality of a challenged regulation. (*Ford Dealers Assn.* v. *Department of Motor Vehicles* (1982) 32 Cal.3d 347, 355 [185 Cal.Rptr. 453, 650 P.2d 328].)

[8]Appellant additionally cites *People* v. *Perkins* (1951) 37 Cal.2d 62, 64 [230 P.2d 353]; *Mazzola* v. *City and County of San Francisco* (1980) 112 Cal.App.3d 141 [169 Cal.Rptr. 127]; *Lake Forest Community Assn.* v. *County of Orange* (1978) 86 Cal.App.3d 394, 402 [150 Cal.Rptr. 286]; and *Palos Verdes Faculty Ass'n.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 659 [147 Cal.Rptr. 359, 580 P.2d 1155] in support of her position. These cases are readily distinguishable. None of them involved a circumstance where, as here, the repealed statute left intact antecedent case law and an existing statute creating a vested right in the state to an inheritance tax that "is due and payable at the date of the transferor's death." (§ 14102.)

receive the estate property pursuant to the terms of a bona fide will contest settlement." We disagree.

■ "There is a general rule of statutory interpretation that, in the absence of a specific expression of legislative intent, statutory language should not be construed to apply to governmental bodies where such interpretation would result in the infringement of 'sovereign governmental powers.' [Citations.]" (*Estate of Cooke, supra,* 57 Cal.App.3d at p. 602.) The authority to tax is the quintessential sovereign governmental power.

" '[I]t should not "be presumed that the Legislature in the enactment of statute intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication." ' " (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449], quoting *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 92 [104 Cal.Rptr. 226, 501 P.2d 234].)

As we have explained, original section 13409 was only a codification of antecedent *case law.* Its repeal and immediate reenactment, dealing exclusively with the subject of disclaimers, did not by express declaration or necessary implication eradicate the authority of the earlier long line of cases and the underlying statutes and vested right principles upon which they were based.

Conceding the bona fides of the will contest settlement, appellant's argument, when carried to its logical conclusion, would have the practical effect of delegating to the contesting parties the ultimate power of determining values for inheritance tax purposes, a duty statutorily imposed upon the inheritance tax referee pursuant to Probate Code section 605. Neither existing section 13409 nor regulation 13409.1 expresses such intent.

Appellant reads regulation 13409.1 as limiting "its application to collusive will contest settlements whereby a contestant receives estate property to which he 'would not otherwise succeed' in order to avoid inheritance taxes."

We do not construe regulation 13409.1 in this manner. Nowhere do we find any legislative or regulatory enactment that the inheritance tax collection process be conditioned upon a prior determination of the collusive or noncollusive nature of a will contest settlement. Nor do we perceive a policy argument to support the notion that the state be drawn into and be burdened with time-consuming and expense-laden hearings to determine the "good faith" nature of such a settlement.

■ The regulation, echoing a long line of cases, has the imprimatur of law, and decrees, in short, that the inheritance tax is to be imposed without regard to the fact that a distributee, not otherwise entitled thereto under the decedent's will admitted to probate, is to receive a share of the estate. It is entirely consistent with existing case law and section 14102. (See also *Estate of Goshen* (1985) 167 Cal.App.3d 97 [212 Cal.Rptr. 919].)

Appellant claims that the controller's interpretation of regulation 13409.1, imposing a tax without regard to the actual distribution of the asset, is a denial of equal protection of the law in that it selects one particular class of persons for a species of taxation that has no rational basis supporting such classification. This argument is without merit.

The equal protection clause applies to tax measures. With tax measures, the state is to be accorded very great latitude. Tax statutes are generally not subjected to close scrutiny, and distinctions can be justified on the basis of a promotion of legitimate state interests. (*Haman* v. *County of Humboldt* (1973) 8 Cal.3d 922, 925-926 [106 Cal.Rptr. 617, 506 P.2d 993].)

"The right of inheritance, including the designation of heirs and the proportions which the several heirs shall receive, as well as the right of testamentary disposition, are entirely matters of statutory enactment, and within the control of the legislature. As it is only by virtue of the statute that the heirs entitled to receive any of his ancestor's estate, or that the ancestor can divert his estate from the heir, the same authority which confers this privilege may attach to it the condition that a portion of the estate so received shall be contributed to the state, and the portion thus to be contributed is peculiarly within the legislative discretion." (*In re Wilmerding* (1897) 117 Cal. 281, 284 [49 P. 181].) A devisee does not become entitled to his portion of the estate until it has already been burdened with its share of the inheritance tax. (*Estate of Watkinson* (1923) 191 Cal. 591, 598 [217 P. 1073].)

The statutory scheme imposes a tax due and payable as of the date of decedent's death. The appraised value of the assets to be distributed, as in this case, pursuant to the terms of the will admitted to probate are likewise determined as of date of death. Since the tax is uniformly applied, where applicable at all, it does not violate equal protection of the law principles.

When all is said and done, the appraised value of the estate asset for inheritance tax purposes has not changed. The parties, by agreement, have merely rearranged its distribution and ascribed value to suit their own preferences. Since inheritance taxes vest and are determined as of the date of death, to calculate the tax based on asset valuation proposed by the parties

to a will contest and a proposed distribution other than in accordance with the terms of the decedent's will duly admitted to probate, would constitute a gift of public funds in violation of the state Constitution. (See *Estate of Cooke, supra,* 57 Cal.App.3d at p. 602.)

## DISPOSITION

The order of November 2, 1983, overruling objections to the report of the inheritance tax referee is affirmed.

Feinerman, P. J., and Ashby, J., concurred.